1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# STATE COURT ACTION

RCVD COCHISE CNTY BOS
NOV 29 2022 PM2:41
Served in Person - MW

Person Filing: Jillian L. Andrews
Address (if not protected): 1001 North Central Avenue #404
City, State, Zip Code: Phoenix, AZ 85004
Telephone: (480) 688-4657
Email Address: jillian@ha-firm.com
ATLAS Number:
Lawyer's Bar Number: 034611

Representing ☐ Self, without a Lawyer  or  ☐ Attorney for  ☒ Petitioner  OR  ☐ Respondent

# SUPERIOR COURT OF ARIZONA
# IN COCHISE COUNTY

Arizona Alliance for Retired Americans, Inc. et al.

Name of Petitioner / Party A

Case No.: **CV 202200552**

**SUMMONS**

And

Tom Crosby, Ann English, Peggy Judd in their official capacities

Name of Respondent / Party B

> **WARNING:** This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.

**FROM THE STATE OF ARIZONA TO:** Ann English, in her official capacity as a member of the Cochise County Board of Supervisors

Name of Opposing Party

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this *"Summons."*

2. If you do not want a judgment or order entered against you without your input, you must file a written *"Answer"* or a *"Response"* with the court, and pay the filing fee. Also, the other party may be granted their request by the Court if you do not file an *"Answer"* or *"Response"*, or show up in court. To file your *"Answer"* or *"Response"* take, or send, it to the:

   - Office of the Clerk of Superior Court, 100 Quality Hill Road, Bisbee, AZ 85603

   **OR**

   - Office of the Clerk of Superior Court, 100 Colonia De Salud Ste 200, Sierra Vista, AZ 85635

After filing, mail a copy of your *"Response"* or *"Answer"* to the other party at their current address.

Case No. _____

3. If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If you were served by "Acceptance of Service" within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date that the "Acceptance of Service was filed with the Clerk of Superior Court. If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. If you were served by "Acceptance of Service" outside the State of Arizona, your *"Response"* or *"Answer"* must be filed within THIRTY (30) CALENDAR DAYS from the date that the "Acceptance of Service was filed with the Clerk of Superior Court. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4. You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, or from the Clerk of Superior Court's Customer Service Center at:

   - 100 Quality Hill Road, Bisbee, AZ 85603
   - 100 Colonia De Salud Ste 200, Sierra Vista, AZ 85635

5. If this is an action for dissolution (divorce), legal separation or annulment, either or both spouses may file a *Petition for Conciliation* for the purpose of determining whether there is any mutual interest in preserving the marriage or for Mediation to attempt to settle disputes concerning legal decision-making (legal custody) and parenting time issues regarding minor children.

6. Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

7. Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

SIGNED AND SEALED this date 11-28-2022

Amy J. Hunley CLERK OF SUPERIOR COURT

By _____
Deputy Clerk of Superior Court

RCVD COCHISE CNTY BOS
NOV 29 2022 PM 2:41

FILED
2022 NOV 28 PM 4:00

CLERK OF SUPERIOR COURT
BY _____

```
 1   Roy Herrera (032907)
 2   roy@ha-firm.com
     Daniel A. Arellano (032304)
 3   daniel@ha-firm.com
     Jillian L. Andrews (034611)
 4   jillian@ha-firm.com
 5   Jane W. Ahern (034865)
     jane@ha-firm.com
 6   Austin T. Marshall (036582)
     austin@ha-firm.com
 7   HERRERA ARELLANO LLP
 8   1001 North Central Avenue, Suite 404
     Phoenix, AZ 85004
 9   Telephone: (602) 567-4820
10
     Aria C. Branch* (DC Bar #1014541)
11   abranch@elias.law
     Lalitha D. Madduri* (DC Bar #1659412)
12   lmadduri@elias.law
13   Christina Ford* (DC Bar #1655542)
     cford@elias.law
14   Mollie DiBrell* (DC Bar #90002189)
     mdibrell@elias.law
15   Daniel Cohen* (DC Bar #90001911)
16   dcohen@elias.law
     ELIAS LAW GROUP LLP
17   10 G St. NE, Suite 600
18   Washington, D.C. 20002
     Telephone: (202) 968-4490
19   Facsimile: (202) 968-4498

20   * Pro Hac Vice Motion forthcoming

21   Attorneys for Plaintiffs
     Arizona Alliance for Retired Americans,
22   Inc. and Stephani Stephenson
```

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF COCHISE

| | |
|---|---|
| ARIZONA ALLIANCE OF RETIRED AMERICANS, INC., and STEPHANI STEPHENSON,<br><br>            Plaintiffs, | No. CV 202200552<br><br>**VERIFIED SPECIAL ACTION COMPLAINT** |

v.

TOM CROSBY, ANN ENGLISH, and
PEGGY JUDD, in their official capacities as
the Cochise County Board of Supervisors,

       Defendants.

Hon. _____

Pursuant to Rule 4 of the Arizona Rules of Procedure for Special Actions, Plaintiffs Arizona Alliance of Retired Americans, Inc. (the "Alliance"), and Stephani Stephenson, by and through their undersigned counsel, allege as follows:

### SUMMARY OF THE CASE

1. This action is the latest chapter in the Cochise County Board of Supervisors (the "Board")'s long, baseless effort to call into question the results of the 2022 general election and evade Arizona law.

2. Today, November 28, 2022, on the last day for counties to canvass election results, the Board refused to do so based on nothing more than vague and unsubstantiated allegations that the county's electronic voting machines could not be trusted.

3. The Board does not have discretion to refuse to canvass the results of the 2022 general election. Canvassing election results by a date certain is the Board's mandatory legal duty under Arizona law. *See* A.R.S. § 16-642. As the Arizona Supreme Court has previously explained, "if the board neglects or refuses to perform its plain duty [to canvass the election], mandamus would issue to compel it to do so." *Hunt v. Campbell*, 19 Ariz. 254, 278-79 (1917) (cleaned up). This is for good reason: the timely canvassing of election results is essential to ensure the accuracy and finality of Arizona's statewide elections, many of which will be decided by narrow margins and some of which are subject to automatic recounts.

4. The Board's inaction thus threatens to harm not only Cochise County voters, whose votes may be excluded from the statewide returns if the Board does not canvass the county's election results, but every voter in Arizona.

5. Plaintiffs the Alliance, on its own behalf and on behalf of its members who are Arizona residents and voters, and Cochise County voter Stephani Stephenson, have a significant interest in ensuring that the Board performs its non-discretionary legal duties in compliance with state election law to canvass election results as required by Arizona law. If the Board is allowed to refuse to canvass the election, Ms. Stephenson and the Alliance's Cochise County members will be disenfranchised.

6. The Court should therefore issue a writ of mandamus and order Defendants to immediately canvass Cochise County's election results no later than December 1, 2022.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under Article 6, § 14 of the Arizona Constitution, A.R.S. §§ 12-123, 12-2021, and Rule 4(a) of the Arizona Rules of Procedure for Special Actions.

8. Venue in Cochise County is proper under A.R.S. § 12-401(16) and Rule 4(b) of the Arizona Rules of Procedure for Special Actions because all Defendants hold office in Cochise County.

## PARTIES

9. Plaintiff Arizona Alliance for Retired Americans, Inc. is a nonprofit corporation organized under section 501(c)(4) of the Internal Revenue Code. The Alliance's membership includes approximately 50,000 retirees from public and private sector unions, community organizations, and individual activists in every county in Arizona, including over 1,200 members in Cochise County. The Alliance is a chartered affiliate of the Alliance for Retired Americans, which is one of the country's leading grassroots senior organizations and engages in important political efforts to protect and preserve programs vital to the health and economic security of older Americans.

10. The Alliance's mission is to ensure social and economic justice and to protect the civil rights of retirees after a lifetime of work. The Alliance accomplishes this mission by ensuring that its members have access to the franchise and can meaningfully participate in Arizona's elections.

11. The Alliance brings this action on behalf of its members, 1,200 of whom reside in Cochise County, and many of whom voted in the 2022 general election. Defendants' refusal to canvass Cochise's election results deprives the Alliance's members of their ability to have their ballots counted and canvassed in accordance with Arizona law. As Arizona citizens and voters, the Alliance's members have a significant interest in ensuring Defendants perform their mandatory election duties in full compliance with the state's

election laws. If the Board fails to canvass the election, the Alliance's Cochise County members will be disenfranchised.

12. Plaintiff Stephani Stephenson is a qualified and registered voter in Cochise County, Arizona. Ms. Stephenson cast her ballot in Cochise County in the 2022 general election, which was received and accepted for counting. As an Arizona citizen and voter, Ms. Stephenson has a significant interest in ensuring Defendants perform their mandatory election duties in full compliance with the state's election laws. If the Board fails to canvass the election, Ms. Stephenson will be disenfranchised.

13. Defendants Tom Crosby, Ann English, and Peggy Judd comprise the Cochise County Board of Supervisors. Each supervisor is named in their official capacities only. As members of the Board, they are responsible for conducting elections within Cochise County, including canvassing the county's election results. *See* A.R.S. §§ 11-251(3), 16-621, -622(A), -642, -645, -449.

## GENERAL ALLEGATIONS

**A. The Board's refusal to canvass election results is the Board's latest effort to violate Arizona law this election cycle.**

14. In recent years, and particularly after the 2020 presidential election, certain individuals and organizations in Arizona and elsewhere have proclaimed, without any evidence, that electronic voting systems are unreliable. But as the Secretary of State has explained, "Arizona has rigorous standards in place to ensure that electronic voting systems used in our elections are secure and accurate, including federal and state certification requirements [and] pre- and post-election logic and accuracy testing[.]" Ex. A at 1. The Secretary of State has even provided to the Board the certification and accreditation information for the machines used in Cochise County during the 2022 general election. Ex. B.

15. Nevertheless, some voters in Cochise County continue to challenge the County's use of electronic voting machines and have advocated that the County should not rely on them—despite offering no credible evidence of their unreliability.

16. In October 2022, this repeated questioning of the reliability of voting machines culminated in the Board's decision to authorize an unlawful full hand count audit of ballots cast in the 2022 general election, against the legal advice of the Secretary of State and the Cochise County Attorney.

17. On October 31, 2022, the Alliance and Cochise County voter Stephani Stephenson, also Plaintiffs to this litigation, filed suit to ensure that Cochise County would conduct a hand count audit in compliance with Arizona law, which authorizes only a limited hand count audit. *See* A.R.S. § 16-601. Defendants Crobsy, Judd, and English were also defendants in that suit.

18. After conducting a full day evidentiary hearing, the Honorable Casey McGinley granted Plaintiffs' requested relief and ordered the defendants to conduct a hand count audit in strict compliance with Arizona law. *All. For Ret. Ams. v. Crosby*, No. CV202200518, November 7, 2022 Order (Ariz. Sup. 2022). The Court found that a 100% hand recount is not allowed under Arizona law and explained that detailed statutory procedures require that ballots be randomly selected for the audit and authorize audits of escalating increments of ballots only if the difference between the hand count and the machine tabulation meets or exceeds a certain margin of error. The Court enjoined defendants from attempting to conduct a hand count audit of "100%" of ballots cast in the 2022 general election. While some defendants to that litigation, including the Board, appealed the Court's order, the Arizona Court of Appeals denied their motion for an expedited appeal, and the Arizona Supreme Court denied their motion to transfer the action.

19. After the Court's order, Cochise County Elections Director Marra proceeded to conduct the County's hand count audit in strict compliance with Arizona law. That limited hand count audit found no discrepancy between the electronic voting machine results and the result of the limited hand count. *See* Ex. C.

20. Despite the Court's decision, which precluded the Board from conducting a hand count of all ballots cast, the Board continued with unlawful plans to conduct a significantly expanded hand count audit. On November 10, three days after the Court issued

its order, the Board noticed a board meeting to vote to conduct a hand count audit of 99.9% of ballots cast in Cochise County. *See* Ex. D.

21. After plaintiffs in the hand count audit litigation threatened to move to hold the Board in contempt if they proceeded to authorize a 99.9% hand count, the Board cancelled the meeting.

22. Shortly thereafter, the Board filed its own suit against Elections Director Marra, seeking to force her to conduct the expanded hand count audit that the Court had previously ordered her not to conduct. Just two days after filing, the Board withdrew its Petition for Special Action.

23. This lawsuit follows from yet another lawless action by the Board.

**B. On November 28, the Board refused to certify the County's election results for the 2022 general election.**

24. On November 18, ten days before the final deadline to do so, the Board met, as required by law, to "[a]ccept the elections results certified and submitted by the Cochise County Elections Department as the official canvass for the General Election held on November 8, 2022." Ex. E. The Board's own meeting notice acknowledged that the Board would violate Arizona law if it failed to canvass the election results: "Cochise County will not be in compliance with State Statute for certifying election results." Ex. I.

25. At that November 18 meeting, the Board heard extensive comments from the public. While many members of the public urged the Board to timely canvass the election results, others spoke out against canvassing the results, describing their mistrust in the voting machines. At the end of public comment, the Secretary's State Election Director, Kori Lorick, assured the Board that Cochise's electronic voting machines had been and remained "properly certified under both federal and state laws and requirements."[1]

26. Ultimately, on November 18, a majority of the Board voted along party lines to delay canvassing the election results until "such evidence about lawful certification by

---

[1] Video Recording of Nov. 18, 2022, Special Meeting at 1:57:30-1:57:46, available at https://www.youtube.com/watch?v=RvAxd054xoM.

1  an accredited laboratory is presented and confirmed by persons with expertise in that field."[2]
2  The Board did not cite any other reason for the delay. The Board then rescheduled its
3  canvass meeting for November 28, the last date for counties to canvass results. Ex. G.

4      27.   On November 21, the State Election Director, Ms. Lorick, sent a letter to the
5  Board, explaining the Board's mandatory duty to canvass election results by November 28.
6  Ex. B. The letter made clear that the Secretary would take legal action if the Board failed to
7  perform their duty under law. *Id.*

8      28.   The following day, Plaintiffs to this litigation sent a similar letter to the Board.
9  Ex. F. They made clear that there was no legitimate basis for delaying the canvass, and
10 advised that they would take legal action if the Board failed to canvass the election results
11 on November 28. *Id.*

12     29.   On November 28, the last day to canvass, the Board failed to canvass the
13 election. Again, the Board's own meeting notice described the illegality of their refusal to
14 canvass the election results: "Cochise County will not be in compliance with State Statute
15 for certifying election results." Ex. H. The Board tabled the decision to canvass until
16 December 2, after the statutory deadline to complete the canvass.

17     **C. Defendants' refusal to canvass election results violates Arizona law.**

18     30.   Defendants' refusal to canvass election results violates Arizona law because
19 the Board has a mandatory, non-discretionary legal duty to canvass and certify the election
20 under Arizona law.

21     31.   A.R.S. § 16-642(A) requires each county board of supervisors to meet and
22 canvass the election: a county board "***shall meet and canvass*** the election not less than six
23 days nor more than twenty days following the election." (Emphasis added.) For the
24 November 8, 2022, General Election, county boards of supervisors therefore must complete
25 their canvass by November 28, 2022. *Id.*

---

28 [2] *Id.* at 2:15:28-2:15:51.

32. The canvass is a purely ministerial act that follows tabulation of votes and various audits that ensure the accuracy and integrity of the election. *See, e.g.*, A.R.S. § 16-602 (requiring limited hand count audit of ballots); *see also* Elections Procedures Manual ("EPM") at 239 ("A canvass . . . should not be conducted until all necessary audits have been completed to verify the accuracy and integrity of election results.").[3] The purpose of the county canvass is to officially certify the election. *See* EPM at 239.

33. Once the canvass is complete, county boards of supervisors "must transmit their canvasses to the Secretary of State," *id.* at 243, who is required to conduct the statewide canvass on December 5, 2022. A.R.S. § 16-648(a). If the Secretary has not received the official canvass from any county by that date, the canvass shall be postponed day-to-day until canvasses from all counties are received, but only until 30 days after the election, which is December 8, 2022. *Id.* § 16-648(c).

34. If a county has not certified its results by December 8, 2022, its votes may not be included in the statewide canvass. *See id.* § 16-648; EPM at 243 ("The Secretary of State has a non-discretionary duty to canvass the returns as provided by the counties and has no authority to change vote totals or reject the election results."); Ex. D at 2. If a county fails to conduct the statutorily mandated canvass, there is a serious risk that the votes of the offending county's citizens will not be included in the State's canvass, disenfranchising that county's residents.

35. After the Secretary of State completes her canvass, she must declare the person receiving the highest number of votes cast for each office elected and promptly deliver a signed, sealed certificate of election to each prevailing candidate. A.R.S. § 16-650. After

---

[3] The Secretary of State promulgated the operative Elections Procedures Manual ("EPM") in 2019. The manual has the force of law. *See* A.R.S. § 16-452; *Ariz. Pub. Integrity All. v. Fontes*, 250 Ariz. 58 63 ¶ 16 (2020)("Once adopted, the EPM has the force of law; any violation of an EPM rule is punishable as a class two misdemeanor."). The EPM is available at: https://azsos.gov/sites/default/files/2019_ELECTIONS_PROCEDURES_MANUAL_APPROVED.pdf.

1  the statewide canvass, automatic recounts and election contests take place. *See, e.g., id.*
2  § 16-672.
3      36. The Board's duty to canvass Cochise County's election results is ministerial
4  and mandatory, not discretionary: the Board "shall" canvass the county's election results,
5  A.R.S. § 16-642(A); *see* EPM 239-40 (Board "***must canvass*** the election by the required
6  deadline," or 20 days after the general election); *id.* at 243 ("All counties ***must transmit***
7  ***their canvasses*** to the Secretary of State.") (Emphases added). As stated in the EPM: "The
8  Board of Supervisors has a non-discretionary duty to canvass the returns as provided by the
9  County Recorder or other officer in charge of elections and ***has no authority to change vote***
10 ***totals or reject the election results***." *Id.* at 240 (emphasis added).
11     37. The Board may only delay the canvass under one circumstance, which is "if
12 the results from any precinct are missing." *Id.* (citing A.R.S. § 16-642(C)). That provision
13 is inapplicable here because the Board was provided with the complete election results at
14 its November 18, 2022, meeting. Thus, there is no lawful basis for the Board to refuse to
15 complete the canvass.
16     38. Nonetheless, today, Defendants voted against canvassing the 2022 general
17 election results until at least December 2, 2022, and have thus made clear that they will not
18 comply with their non-discretionary, mandatory legal duty to complete the canvass by the
19 statutory deadline to do so. In doing so, Defendants are violating Arizona law.

## COUNT I

**Writ of Mandamus (A.R.S. § 12-2021) – Violation of A.R.S. § 16-642 and the EPM**

22     39. Paragraphs 1–38 are incorporated by reference herein.
23     40. Courts may issue a writ of mandamus to any "person [or] corporation . . . on
24 the verified complaint of the party beneficially interested, to compel, when there is not a
25 plain, adequate and speedy remedy at law, performance of an act which the law specially
26 imposes as a duty resulting from an office . . . ." A.R.S. § 12-2021. Accordingly, under
27 A.R.S. § 12-2021, members of the public who are "beneficially interested" in an action can
28 sue to compel officials to perform their non-discretionary duties. *Ariz. Pub. Integrity All.*,

250 Ariz. at 62 ¶ 11. "The phrase 'party beneficially interested' is 'applied liberally to promote the ends of justice.'" *Id.* (quoting *Barry v. Phx. Union High Sch.*, 67 Ariz. 384, 387 (1948)).

41. As Arizona citizens and voters, the Alliance's members and Plaintiff Stephenson have a beneficial interest in compelling elections officials to comply with their non-discretionary duty to comply with Arizona election law. *See id.* at 63 ¶ 12. Indeed, should the County ultimately fail to complete the canvass, Ms. Stephenson and the Alliance's members who reside in Cochise County will have their votes discarded and excluded from the statewide canvass.

42. In such actions, courts "may direct, order, or prohibit specified action by the defendant" as judgment. Arizona Rules of Procedure for Special Actions, Rule 6.

43. A.R.S. § 16-642 imposes a non-discretionary legal duty on Defendants to canvass and certify the county's election results as prescribed by the section and the EPM. *See Ariz. Pub. Integrity All.*, 250 Ariz. at 63 ¶ 16 ("[The EPM] has the force of law.").

44. Defendants have only those powers "expressly conferred by statute" and "may exercise no powers except those specifically granted by statute and in the manner fixed by statute." *Hancock v. McCarroll*, 188 Ariz. 492, 498 (App. 1996) (quotation omitted); *see Ariz. Pub. Integrity All.*, 250 Ariz. at 62 ¶ 14 (Defendants' powers "[are] limited to those powers expressly or impliedly delegated to [them] by the state constitution or statutes."); *see also* Ariz. Const. art. 12, § 4 (stating that "[t]he duties, powers, and qualifications" of county officers "shall be as prescribed by law").

45. By failing to certify Cochise County's 2022 general election results by the statutory deadline, the Board failed to complete its non-discretionary, mandatory legal duties. Faced with a similar issue, the Arizona Supreme Court has previously explained that where election returns have been received "if the board neglects or refuses to perform its plain duty [to canvass the election], mandamus would issue to compel it to do so." *Hunt v. Campbell*, 19 Ariz. 254, 278-79 (1917) (cleaned up).

46. "Election laws play an important role in protecting the integrity of the electoral process," and "public officials should, by their words and actions, seek to preserve and protect those laws." *Ariz. Pub. Integrity All.*, 250 Ariz. at 61 ¶ 4 (citations omitted). Defendants cannot simply ignore Arizona election law "based on their own perceptions of what they think [the law] *should* be." *Id.*

47. The Court should therefore order Defendants to immediately canvass and certify Cochise County's 2022 general election results in accordance with A.R.S. § 16-462 and the EPM by no later than December 1, 2022.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs demand relief in the following forms:

A. A writ of mandamus compelling Defendants to canvass and certify Cochise County's 2022 election results in accordance with statutory procedures and the EPM by no later than December 1, 2022;

B. An award of fees, costs, and other expenses under A.R.S. § 12-2030; and

C. Such other and further relief as the Court, in its inherent discretion, deems appropriate.

Dated: November 28, 2022

Respectfully submitted,

*/s/ Roy Herrera*

Roy Herrera (032907)
roy@ha-firm.com
Daniel A. Arellano (032304)
daniel@ha-firm.com
Jillian L. Andrews (034611)
jillian@ha-firm.com
Jane W. Ahern (034865)
jane@ha-firm.com
Austin T. Marshall (036582)
austin@ha-firm.com
HERRERA ARELLANO LLP
1001 North Central Avenue, Suite 404
Phoenix, AZ 85004
Telephone: (602) 567-4820

Aria C. Branch* (DC Bar #1014541)
abranch@elias.law
Lalitha D. Madduri* (DC Bar #1659412)
lmadduri@elias.law
Christina Ford* (DC Bar #1655542)
cford@elias.law
Mollie DiBrell* (DC Bar #90002189)
mdibrell@elias.law
Daniel Cohen* (DC Bar #90001911)
dcohen@elias.law
ELIAS LAW GROUP LLP
10 G St. NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490
Facsimile: (202) 968-4498

*Attorneys for Plaintiffs*
*Arizona Alliance for Retired Americans, Inc. and Stephani Stephenson*

* *Pro Hac Vice* Motion forthcoming

**VERIFICATION**

I, Saundra Cole, make the following verification under penalty of perjury:

I have read the foregoing complaint and verify that the facts stated in it are true to the best of my knowledge and belief, except as to those matters alleged on information and belief, and as to them, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ~~October~~ November 28, 2022.

*Saundra Cole* (signature)

Saundra Cole
President, Arizona Alliance for Retired Americans, Inc.