# EXHIBIT A



**KATIE HOBBS**
SECRETARY OF STATE

October 19, 2022

*Via Email*

Cochise County Board of Supervisors
Tom Crosby, tcrosby@cochise.az.gov
Ann English, aenglish@cochise.az.gov
Peggy Judd, pjudd@cochise.az.gov

Re: 2022 General Election Tabulation

Dear Cochise County Board of Supervisors,

We understand that the Cochise County Board of Supervisors will vote next week on whether to conduct a hand count of all votes cast, despite both the Cochise County Attorney's and Legislative Council's determination that doing so would be unlawful. The Secretary of State agrees with the County Attorney and Legislative Council and urges the Board to abandon this misguided effort.

As you know, Arizona has rigorous standards in place to ensure that electronic voting systems used in our elections are secure and accurate, including federal and state certification requirements, pre- and post-election logic and accuracy testing, and post-election limited hand count audits. *See* EPM, Ch. 4, A.R.S. §§ 16-442, -449, -602. The use of electronic tabulation combined with these and other security measures allows counties to fulfill their statutory duties in a timely manner while ensuring the accuracy and integrity of our elections. Indeed, as recently explained by the General Counsel of the Arizona Legislative Council, Arizona law only contemplates manual counting of ballots where "it becomes impracticable to count . . . ballots with tabulating equipment." *See* A.R.S. § 16-621(C).

And this is for good reason: a full hand count raises numerous concerns. Notably, hand counting is necessarily time intensive and prone to human error. Any election director in Arizona—the official responsible for overseeing tabulation of ballots—can attest that it's impossible to complete an accurate hand count of an election with dozens of races on the ballot in time to comply with applicable statutory deadlines, including the county canvass deadline. A.R.S. § 16-642(A) (requiring counties to canvass between six and twenty days after an election). Additionally, transitioning to a full hand count this close to the election raises operational and security concerns. Election procedures are generally developed

1

through careful consideration and with sufficient time to prepare for an upcoming election. In fact, Cochise County has already filed its election program and emergency contingency plan for the General Election with the Secretary of State, confirming its usage of electronic equipment for this election. *See* A.R.S. § 16-445(A). Early voting for the 2022 General Election began over a week ago, and counties are already permitted by law to begin processing and tabulating ballots. Drastically changing procedures now—mere weeks before Election Day—creates significant risk of administrative error and has the potential to cause voter confusion and mistrust in our elections.

Even if, as indicated at the Board's October 11, 2022 work session, the Board intends to tabulate votes electronically and conduct a full hand count only to audit those machine-tabulated results, the Board has no authority to do so. County boards of supervisors have only those powers "expressly conferred by statute," and the Board "may exercise no powers except those specifically granted by statute and in the manner fixed by statute." *Hancock v. McCarroll*, 188 Ariz. 492, 493 (App. 1996) (quotations omitted). A.R.S. § 11-251(3) gives the Board the power to canvass election returns. It does not grant the power to unilaterally perform a full hand count audit of all votes. While A.R.S. § 16-602 and the Elections Procedures Manual lay out procedures for a limited post-election hand count audit, nothing in Arizona law authorizes the Board to conduct a full hand count outside of those procedures. Similarly, Arizona law authorizes recounts only when the canvassed results fall within the statutorily designated margin. A.R.S. § 16-661. And when an automatic recount is triggered, it must be done by electronic tabulation. A.R.S. § 16-664. The Board would therefore be exceeding its authority under Arizona law if it conducts a full hand count under the guise of either a hand count audit or a recount. The Board cannot simply make up its own extra-statutory process.

If the Board votes to proceed with a full hand count—putting at risk the accuracy and integrity of our elections—the Secretary will take all available legal action to ensure that Cochise County conducts the 2022 General Election in compliance with Arizona law. If that occurs, we note that Arizona law provides for mandatory fee shifting under these circumstances. A.R.S. § 12-348.01. We are all stewards of taxpayer dollars, and taxpayers should not bear the burden of the Board's contemplated unlawful action. We sincerely hope such action is unnecessary and that the Board will follow the advice of its own attorney, protect the integrity of our elections, and ensure continued compliance with Arizona law.

Please let me know if you need additional information.

Sincerely,

Kori Lorick

Kori Lorick
State Elections Director
Arizona Secretary of State Katie Hobbs
klorick@azsos.gov

2

# EXHIBIT B



**KATIE HOBBS**
SECRETARY OF STATE

November 21, 2022

*Via Email*

Cochise County Board of Supervisors
Tom Crosby, tcrosby@cochise.az.gov
Ann English, aenglish@cochise.az.gov
Peggy Judd, pjudd@cochise.az.gov

### Re: 2022 General Election Canvass

Dear Cochise County Board of Supervisors,

The Board of Supervisors has a non-discretionary duty under Arizona law to canvass the County's 2022 General Election and transmit the canvass to the Secretary of State by November 28, 2022. If you fail to do so, the Secretary will use all available legal remedies to compel compliance with Arizona law and protect Cochise County voters' right to have their votes counted.

At your public meeting on November 18, 2022, you voted to delay certification of the County's 2022 General Election canvass and requested more information about false claims concerning the County's election equipment. These claims are derived from baseless conspiracies about Arizona's equipment certification process. Cochise County's election equipment was properly certified and remains in compliance with state and federal requirements. Cochise County uses Election Systems & Software (ES&S) Voting System (EVS) version 6.0.4.0 (ESSEVS6040), which was certified by the U.S. Election Assistance Commission (EAC) on May 3, 2019. SLI Compliance, the federal lab that conducted the testing for ESSEVS6040, was an accredited lab at all times during the testing process. Additionally, pursuant to Arizona's certification requirements, the ESSEVS6040 was reviewed and tested by the state's Equipment Certification Advisory Committee then certified by the state on November 5, 2019. Please see the attachments that support these facts.

We also requested that the EAC, the federal agency that accredits the voting system testing laboratories, provide confirmation specifically in response to the concerns raised at the Board's meeting. The EAC unequivocally confirmed in the attached letter that SLI Compliance, the lab that tested the election equipment that Cochise uses, was properly accredited throughout the certification process.

1

A.R.S. § 16-642 requires each county board of supervisors to meet and canvass the election no later than 20 days after the election. For the November 8, 2022 General Election, boards of supervisors therefore must canvass no later than November 28. The board of supervisors then must transmit the certified canvass to the Secretary, who is required to conduct the statewide canvass on December 5, 2022. A.R.S. § 16-648(A). These strict statutory deadlines make clear that the duty to canvass is not discretionary. In fact, the 2019 Elections Procedures Manual ("EPM") explicitly provides that the Board "has a non-discretionary duty to canvass the returns as provided by the County Recorder or other officer in charge of elections and has no authority to change vote totals or reject the election results." 2019 EPM at 240. Because the Board has no authority to change or reject the results, the canvass is a purely ministerial act.

Bad faith attempts to derail Arizona's democracy will not go unaddressed. If the Board refuses to certify the canvass by November 28, the Secretary will take all available legal action, including filing a special action to compel the Board's compliance.[1] If the Board still has not certified by the state canvass deadline, the state canvass will proceed regardless, as is required under Arizona's law, and your refusal to certify will only serve to disenfranchise Cochise County voters. Please let me know if you need any additional information prior to your November 28 meeting to certify Cochise's election results.

Sincerely,

*Kori Lorick*

Kori Lorick
State Elections Director
Arizona Secretary of State Katie Hobbs
klorick@azsos.gov

cc
Tim Mattix, Clerk of the Board
tmattix@cochise.az.gov

Christine Roberts, Chief Civil County Attorney
croberts@cochise.az.gov

Richard Karwaczka, County Administrator
rkarwaczka@cochise.az.gov

Sharon Gilman, Deputy County Administrator,

---

[1] An official canvass may only be postponed past the statutory deadline if returns from a polling place are missing. A.R.S. § 16-642(C). Because this is not the case for Cochise County's 2022 results, the Board must comply with the 20-day deadline specified in A.R.S. § 16-642(A).

2

sgilman@cochise.az.gov

Lisa Marra, Elections Director
lmarra@cochise.az.gov

David Stevens, County Recorder
dstevens@cochise.az.gov



**U.S. ELECTION ASSISTANCE COMMISSION**
633 3rd St. NW, Suite 200
Washington, DC 20001

November 21, 2022

Arizona Secretary of State
1700 W Washington St Fl 7
Phoenix AZ 85007

Dear Secretary Hobbs,

The Election Systems & Software (ES&S) Voting System (EVS) version 6.0.4.0 (ESSEVS6040) was certified by the U.S. Election Assistance Commission (EAC) on May 3, 2019.[1] Details and documentation regarding the testing and certification of ESSEVS6040 are publicly available on the EAC's website at https://www.eac.gov/voting-equipment/evs-6040.

ES&S's application for certification of EVS 6.0.4.0 was approved for testing on October 15, 2018. In accordance with the EAC's Testing and Certification Manual,[2] the October 15, 2018, Application Approval Letter[3] designated SLI Compliance, an EAC-accredited voting system testing laboratory (VSTL), as the lead VSTL for this testing engagement.

During the testing of the ESSEVS6040, from application approval on October 15, 2018, to certification on May 3, 2019, SLI Laboratory complied with the EAC's Voting System Testing Laboratory Manual[4] and maintained its accreditation, as shown by the dates on its Certificate of Accreditation.[5]

For additional information on the EAC Testing and Certification Program, please see the How a Voting System Becomes Certified: Overview of the EAC Certification Process document located in the EAC FOIA Reading Room. The Declaration of Mark A. Robbins document located in the EAC FOIA Reading Room also discusses in greater detail the EAC Testing and Certification Program.

Sincerely,

Mark A. Robbins

Mark A. Robbins, Interim Executive Director
U.S. Election Assistance Commission

---

[1] https://www.eac.gov/sites/default/files/voting_system/files/EVS6040_Cert_Scope%28FINAL%29.pdf
[2] https://www.eac.gov/sites/default/files/eac_assets/1/28/Cert%20Manual%207%208%2015%20FINAL.pdf
[3] https://www.eac.gov/sites/default/files/voting_system/files/Application.Approval.Letter3.pdf
[4] https://www.eac.gov/sites/default/files/eac_assets/1/28/VSTLManual%207%208%2015%20FINAL.pdf
[5]https://www.eac.gov/sites/default/files/voting_system_test_lab/files/SLI_Compliance_Certificate_of_Accreditation 011018.pdf



**United States Election Assistance Commission**

## Certificate of Accreditation

# SLI Compliance,
# Division of Gaming Laboratories International, LLC
# Wheat Ridge, Colorado

*is recognized by the U.S. Election Assistance Commission for the testing of voting systems to the 2002 Voting Systems Standards, the Voluntary Voting Systems Guidelines versions 1.0 and 1.1 under the criteria set forth in the EAC Voting System Testing and Certification Program and Laboratory Accreditation Program. SLI Compliance is also recognized as having successfully completed assessments by the National Voluntary Laboratory Accreditation Program for conformance to the requirements of ISO/IEC 17025 and the criteria set forth in NIST Handbooks 150 and 150-22.*

*Effective Through*

January 10, 2021

Date: 1/10/18

*Brian Newby,*
**Executive Director**, *U.S. Election Assistance Commission*

EAC Lab Code: **0701**



United States Election Assistance Commission

## Certificate of Conformance

### ES&S EVS 6.0.4.0



VVSG 2005 VER. I

**EAC**

CERTIFIED

The voting system identified on this certificate has been evaluated at an accredited voting system testing laboratory for conformance to the *Voluntary Voting System Guidelines Version 1.0 (VVSG 1.0)*. Components evaluated for this certification are detailed in the attached Scope of Certification document. This certificate applies only to the specific version and release of the product in its evaluated configuration. The evaluation has been verified by the EAC in accordance with the provisions of the EAC *Voting System Testing and Certification Program Manual* and the conclusions of the testing laboratory in the test report are consistent with the evidence adduced. This certificate is not an endorsement of the product by any agency of the U.S. Government and no warranty of the product is either expressed or implied.

Product Name:   EVS

Model or Version:   6.0.4.0

Name of VSTL:   SLI Compliance

EAC Certification Number:   ESSEVS6040

Date Issued:   May 3, 2019

*Executive Director*

Scope of Certification Attached

**Manufacturer:** *Election Systems & Software*
**System Name:** *EVS 6.0.4.0*
**Certificate:** *ESSEVS6040*

**Laboratory:** *SLI Compliance*
**Standard:** *VVSG 1.0 (2005)*
**Date:** *May 3, 2019*



# Scope of Certification

This document describes the scope of the validation and certification of the system defined above.  Any use, configuration changes, revision changes, additions or subtractions from the described system are not included in this evaluation.

## Significance of EAC Certification

An EAC certification is an official recognition that a voting system (in a specific configuration or configurations) has been tested to and has met an identified set of Federal voting system standards. An EAC certification is **not**:

- An endorsement of a Manufacturer, voting system, or any of the system's components.
- A Federal warranty of the voting system or any of its components.
- A determination that a voting system, when fielded, will be operated in a manner that meets all HAVA requirements.
- A substitute for State or local certification and testing.
- A determination that the system is ready for use in an election.
- A determination that any particular component of a certified system is itself certified for use outside the certified configuration.

## Representation of EAC Certification

Manufacturers may not represent or imply that a voting system is certified unless it has received a Certificate of Conformance for that system. Statements regarding EAC certification in brochures, on Web sites, on displays, and in advertising/sales literature must be made solely in reference to specific systems. Any action by a Manufacturer to suggest EAC endorsement of its product or organization is strictly prohibited and may result in a Manufacturer's suspension or other action pursuant to Federal civil and criminal law.

## System Overview

The ES&S EVS 6.0.4.0 voting system is a modification of the ES&S EVS 6.0.2.0 voting system, certified on October 4, 2018, which contains changes in hardware, software, as well as an upgrade in the election management system's COTS operating system.  The ES&S EVS 6.0.4.0 voting system is composed of software applications, central count location devices and polling place devices with accompanying firmware, and COTS hardware and software.

**Electionware®**

Electionware election management software is an end-to-end election management software application that provides election definition creation, ballot formation, equipment

configuration, result consolidation, adjudication and report creation. Electionware is composed of five software groups: Define, Design, Deliver, Results and Manage.

**ExpressVote XL™**

ExpressVote XL is a hybrid paper-based polling place voting device that provides a full-face touchscreen vote capture that incorporates the printing of the voter's selections as a cast vote record, and tabulation scanning into a single unit.

**ExpressTouch®**

ExpressTouch Electronic Universal Voting System (ExpressTouch) is a DRE voting system which supports electronic vote capture for all individuals at the polling place.

**ExpressVote® Hardware 1.0**

ExpressVote Universal Voting System Hardware 1.0 (ExpressVote HW1.0) is a hybrid paper-based polling place voting device that provides touch screen vote capture that incorporates the printing of the voter's selections as a cast vote record, to be scanned for tabulation in any one of the ES&S precinct or central scanners.

**ExpressVote® Hardware 2.1**

ExpressVote Universal Voting System Hardware 2.1 (ExpressVote HW2.1) is a hybrid paper-based polling place voting device that provides touch screen vote capture that incorporates the printing of the voter's selections as a cast vote record, and tabulation scanning into a single unit. ExpressVote HW2.1 is capable of operating in either marker or tabulator mode, depending on the configurable mode that is selected in Electionware.

There are two separate versions of the ExpressVote hardware version 2.1: 2.1.0.0 and version 2.1.2.0 (6.4 & 6.8). Please note that all future references to ExpressVote HW 2.1 as used throughout the document refers to both hardware versions.

**DS200®**

DS200 is a polling place paper-based voting system, specifically a digital scanner and tabulator that simultaneously scans the front and back of a paper ballot and/or vote summary card in any of four orientations for conversion of voter selection marks to electronic Cast Vote Records (CVR).

**DS450®**

DS450 is a central scanner and tabulator that simultaneously scans the front and back of a paper ballot and/or vote summary card in any of four orientations for conversion of voter selection marks to electronic Cast Vote Records (CVR).

**DS850®**

DS850 is a central scanner and tabulator that simultaneously scans the front and back of a paper ballot and/or vote summary card in any of four orientations for conversion of voter selection marks to electronic Cast Vote Records (CVR).

Event Log Service (ELS)

ELS monitors and logs users' interactions with the Election Management System. Events that happen when a connection to the database is not available are logged to the Windows Operating System log through the ELS.

Removable Media Service (RMS)

RMS is a utility that runs in the background of the Windows operating system. RMS reads specific information from any attached USB devices so that ES&S applications such as Electionware can use that information for media validation purposes.

## Configurations

Within the scope of the ES&S EVS 6.0.4.0 voting system, three unique configurations are supported, in order to accommodate limitations of components with the ES&S EVS 6.0.4.0 voting system.

Configuration A

ES&S EVS 6.0.4.0: Test Configuration A is comprised of the entire suite of voting system products.
- Electionware
- ExpressVote Marker (HW 1.0)
- ExpressVote Marker/Tabulator (HW 2.1)
- ExpressVote XL
- ExpressTouch
- DS200
- DS450
- DS850

Configuration B
- Electionware
- ExpressVote Marker (HW 1.0)
- ExpressVote Marker/Tabulator (HW 2.1)
- DS200
- DS450
- DS850

Configuration C
- Electionware
- ExpressVote XL

## Mark Definition

ES&S' declared level mark recognition for the DS200, DS450 and DS850 is a mark across the oval that is 0.02" long x 0.03" wide at any direction.

## Tested Marking Devices

Bic Grip Roller Pen

## Language Capability

EVS 6.0.4.0 supports English, Spanish, Chinese (Cantonese), Korean, Japanese, Hindi, Bengali, Vietnamese, Tagalog, Creole, Russian, and French. Configuration C also supports Punjabi and Gujarati.

## Proprietary Components Included

This section provides information describing the components and revision level of the primary components included in this Certification.

| System Component | Software or Firmware Version | Hardware Version | Model | Comments |
|---|---|---|---|---|
| Electionware | 5.0.4.0 | | | |
| ES&S Event Log Service | 1.6.0.0 | | | |
| Removable Media Service | 1.5.1.0 | | | |
| ExpressVote HW 1.0 | 1.5.2.0 | 1.0 | | Paper-based vote capture and selection device |
| ExpressVote Previewer (1.0) | 1.5.2.0 | | | |
| ExpressVote HW 2.1 | 2.4.5.0 | 2.1.0.0 2.1.2.0 | | Hybrid paper-based vote capture and selection device and precinct count tabulator |
| ExpressVote Previewer (2.1) | 2.4.5.0 | | | |
| DS200 | 2.17.4.0 | 1.2.1, 1.2.3, 1.3, 1.3.11 | | Precinct Count Tabulator |
| DS450 | 3.1.1.0 | 1.0 | | Central Count Scanner and Tabulator |
| DS850 | 3.1.1.0 | 1.0 | | Central Count Scanner and Tabulator |
| ExpressVote XL | 1.0.3.0 | 1.0 | | Hybrid full-faced paper-based vote capture and selection device and precinct count tabulator |
| ExpressTouch | 1.0.3.0 | 1.0 | | DRE |
| Delkin USB Flash Drive | | USB Flash Drive | Bitlocker 32.2MB | BitLocker USB Flash Drive |
| ExpressVote Rolling Kiosk | | 1.0 | 98-00049 | Portable Voting Booth |
| Voting Booth | | N/A | 98-00051 | Stationary Voting Booth |
| Quad Express Cart | | N/A | 41404 | Portable Voting Booth |
| MXB ExpressVote Voting Booth | | N/A | 95000 | Sitting and Standing Voting Booth |

| System Component | Software or Firmware Version | Hardware Version | Model | Comments |
|---|---|---|---|---|
| ExpressVote Single Table | | N/A | 87033 | Voting Table for One Unit |
| ExpressVote Double Table | | N/A | 87032 | Voting Table for Two Units |
| ADA Table | | N/A | 87031 | Voting Table for One Unit |
| DS200 Ballot Box | | 1.0, 1.1 | 98-00009 | Collapsible Ballot Box |
| DS200 Ballot Box | | 1.2, 1.3, 1.4, 1.5 | 57521 | Plastic ballot box |
| DS200 Tote Bin | | 1.0 | 00074 | Tote Bin Ballot Box |
| DS450 Cart | | N/A | 3002 | |
| DS850 Cart | | N/A | 6823 | |
| Universal Voting Console | | 1.0 | 98-00077 | Detachable ADA support peripheral |
| Tabletop Easel | | N/A | 14040 | |
| ExpressTouch Voting Booth | | N/A | 98-00081 | Stationary Voting Booth |
| SecureSetup | 2.1.0.3 | | | Proprietary Hardening Script |

## COTS Software

| Manufacturer | Application | Version |
|---|---|---|
| Microsoft Corporation | Server 2008 | R2 w/ SP1 (64-bit) |
| Microsoft Corporation | Windows 7 Professional | SP1 (64-bit) |
| Microsoft Corporation | Windows 7 Enterprise | SP1 (64-bit) |
| Microsoft Corporation | WSUS Microsoft Windows Offline Update Utility | 11.5 |
| Symantec | Endpoint Protection | 14.2.0_MP1 (64-bit) |
| Symantec | Symantec Endpoint Protection Intelligent Updater (File-Based Protection) | 20190122-001-core15sdsv5i64.exe |
| Symantec | Symantec Endpoint Protection Intelligent Updater (Network-Based Protection) | 20190121-062-IPS_IU_SEP_14RU1.exe |
| Symantec | Symantec Endpoint Protection Intelligent Updater (Behavior-Based Protection) | 20190115-001-SONAR_IU_SEP.exe |
| Gigabyte | WindowsImageTool | B17.1116.01 |
| Cerberus | CerberusFTP Server – Enterprise | 10.0.5 (64-bit) |
| Adobe | Acrobat | XI |
| Microsoft Corporation | Visual C++ Redistributable | en_visual_cpp_2015_redistributable_x86_8487157.exe (32-bit) |
| RSA Security | RSA BSAFE Crypto-C ME for Windows 32-bit | 4.1 |
| OpenSSL | OpenSSL | 2.0.12 |
| OpenSSL | OpenSSL | 2.0.16 |
| OpenSSL | OpenSSL | 1.02d |
| OpenSSL | OpenSSL | 1.02h |
| OpenSSL | OpenSSL | 1.02k |

## COTS Hardware

| Manufacturer | Hardware | Model/Version |
|---|---|---|
| Dell | EMS Server | PowerEdge T420, T630 |
| Dell | EMS Client or Standalone Workstation | Latitude 5580, E6430 OptiPlex S040, 5050, 7020 |
| Dell | Trusted Platform Module (TPM) Chip version 1.2 | R9X21 |
| Innodisk | USB EDC H2SE (1GB) for ExpressVote 1.0 | DEEUH1-01GI72AC1SB |
| Innodisk | USB EDC H2SE (16GB) for ExpressVote 2.1 | DEEUH1-16GI72AC1SB |
| Delkin | USB Flash Drive (512MB, 1GB, 2GB, 4GB, 8GB) | N/A |
| Delkin | Validation USB Flash Drive (16 GB) | N/A |
| Delkin | USB Embedded 2.0 Module Flash Drive | MY16TNK7A-RA042-D/ 16 GB |
| Delkin | Compact Flash Memory Card (1GB) | CE0GTFHHK-FD038-D |
| Delkin | Compact Flash Memory Card Reader/Writer | 6381 |
| Delkin | CFAST Card (2GB, 4GB) | N/A |
| Lexar | CFAST Card Reader/Writer | LRWCR1TBNA |
| CardLogix | Smart Card | CLXSU128kC7/ AED C7 |
| SCM Microsystems | Smart Card Writer | SCR3310 |
| Avid | Headphones | 86002 |
| Zebra Technologies | QR code scanner (Integrated) | DS457-SR20009, DS457-SR20004ZZWW |
| Symbol | QR Code scanner (External) | DS9208 |
| Dell | DS450 Report Printer | S2810dn |
| OKI | DS450 and DS850 Report Printer | B431dn, B431d, B432DN |
| OKI | DS450 and DS850 Audit Printer | Microline 420 |
| APC | DS450 UPS | Back-UPS Pro 1500, Smart-UPS 1500 |
| APC | DS850 UPS | Back-UPS RS 1500, Pro 1500 |
| Tripp Lite | DS450 and DS850 Surge Protector | Spike Cube |
| Seiko Instruments | Thermal Printer | LTPD-347B |
| NCR/Nashua | Paper Roll | 2320 |
| Fujitsu | Thermal Printer | FTP-62GDSL001, FTP-63GMCL153 |

## Configuration Diagrams

### Configuration A



**Configuration B**



## Configuration C



## System Limitations

This table depicts the limits the system has been tested and certified to meet.

| System Characteristic | Boundary or Limitation | Limiting Component |
|---|---|---|
| Max. precincts allowed in an election | 9,900 | Electionware |
| Max. ballot styles in an election | 15,000 | Electionware |
| Max. candidates allowed per election | 10,000 | Electionware |
| Max. contests allowed in an election | 10,000 | Electionware |
| Max. number of parties allowed | General election: 75<br>Primary election: 30 | Electionware |
| Max. District Types/Groups | 25 | Electionware |
| Max. districts of a given type | 250 | |
| Max. Contests allowed per ballot style | 500 | |
| Max. Reporting Groups in an election | 14 | Electionware |
| Max. candidates allowed per contest | 230 | Electionware |
| Max. "Vote For" per contest | 230 | Electionware |
| Max. ballots per batch | 1,500 | DS45/DS850 |

## Component Limitations:

**Electionware**

1. Electionware software field limits were calculated based on an average character width for ballot and report elements. Some uses and conditions, such as magnified ballot views or combining elements on printed media or ballot displays, may result in field limits (and associated warnings) lower than those listed. Check printed media and displays before finalizing the election.
2. The Electionware Export Ballot Images function is limited to 250 districts per export.
3. Electionware supports the language special characters listed in the System Overview, Attachment 1. Language special characters other than those listed may not appear properly when viewed on equipment displays or reports.
4. The Straight Party feature must not be used in conjunction with the Single or Multiple Target Cross Endorsement features.

5. The 'MasterFile.txt' and the 'Votes File.txt' do not support results for elections that contain multiple sheets or multiple ExpressVote cards per voter. These files can be produced using the Electionware > Reporting > Tools > Export Results menu option. This menu option is available when the Rules Profile is set to "Illinois".

**Paper Ballot Limitations**

1. The paper ballot code channel, which is the series of black boxes that appear between the timing track and ballot contents, limits the number of available ballot variations depending on how a jurisdiction uses this code to differentiate ballots. The code can be used to differentiate ballots using three different fields defined as: Sequence (available codes 1-16,300), Type (available codes 1-30) or Split (available codes 1-18).

2. If Sequence is used as a ballot style ID, it must be unique election-wide and the Split code will always be 1. In this case the practical style limit would be 16,300.

3. The ExpressVote activation card has a limited ballot ID based on the three different fields defined as: Sequence (available codes 1-16,300), Type (available codes 1-30) or Split (available codes 1-18).

4. Grid Portrait and Grid Landscape ballot types are New York specific and not for general use.

**ExpressVote**

1. ExpressVote capacities exceed all documented limitations for the ES&S election management, vote tabulation and reporting system. For this reason, Election Management System and ballot tabulator limitations define the boundaries and capabilities of the ExpressVote system as the maximum capacities of the ES&S ExpressVote are never approached during testing.

**ExpressVote XL**

1. ExpressVote XL capacities exceed all documented limitations for the ES&S election management, vote tabulation and reporting system. For this reason, Election Management System and ballot tabulator limitations define the boundaries and capabilities of the ExpressVote XL system as the maximum capacities of the ES&S ExpressVote XL are never approached during testing.

2. ExpressVote XL does not offer open primary support based on the ES&S definition of Open Primary, which is the ability to select a party and vote based on that party.

3. ExpressVote XL does not support Massachusetts Group Vote.

4. ExpressVote XL does not support Universal Primary Contest.

5. ExpressVote XL does not support Multiple Target Cross Endorsement.

6. ExpressVote XL does not support Reviewer or Judges Initials boxes.

7. ExpressVote XL does not support multi-card ballots.

8. In a General election, one ExpressVote XL screen can hold 32 party columns if set up as columns or 16 party rows if set up as rows.

9. ExpressVote XL does not support Team Write-In.

**ExpressTouch**

1. ExpressTouch capacities exceed all documented limitations for the ES&S election management, vote tabulation and reporting system. For this reason, Election Management System limitations define the boundaries and capabilities of the ExpressTouch system as the maximum capacities of the ES&S ExpressTouch are never approached during testing.

2. ExpressTouch does not offer open primary support, which is the ability to select a party and vote based on that party.
3. ExpressTouch does not support Massachusetts Group Vote.
4. ExpressTouch does not support Universal Primary Contest.
5. ExpressTouch does not support Multiple Target Cross Endorsement.
6. ExpressTouch does not support Team Write-In.

**DS200**

1. The ES&S DS200 configured for an early vote station does not support precinct level results reporting. An election summary report of tabulated vote totals is supported.
2. The DS200 storage limitation for write-in ballot images is 3,600 images. Each ballot image includes a single ballot face, or one side of one page.
3. Write-in image review requires a minimum 1GB of onboard RAM.
4. To successfully use the Write-In Report, ballots must span at least three vertical columns. If the column is greater than 1/3 of the ballot width (two columns or less), the write-in image will be too wide to print on the tabulator report tape.

## Functionality

### VVSG 1.0 Supported Functionality Declaration

| Feature/Characteristic | Yes/No | Comment |
|---|---|---|
| Voter Verified Paper Audit Trails | | |
| VVPAT | No | |
| Accessibility | | |
| Forward Approach | Yes | |
| Parallel (Side) Approach | Yes | |
| Closed Primary | | |
| Primary: Closed | Yes | |
| Open Primary | | |
| Primary: Open Standard  (provide definition of how supported) | Yes | Configuration B only |
| Primary: Open Blanket  (provide definition of how supported) | No | |
| Partisan & Non-Partisan: | | |
| Partisan & Non-Partisan:  Vote for 1 of N race | Yes | |
| Partisan & Non-Partisan: Multi-member ("vote for N of M") board races | Yes | |
| Partisan & Non-Partisan: "vote for 1" race with a single candidate and write-in voting | Yes | |
| Partisan & Non-Partisan "vote for 1" race with no declared candidates and write-in voting | Yes | |
| Write-In Voting: | | |
| Write-in Voting: System default is a voting position identified for write-ins. | Yes | |
| Write-in Voting: Without selecting a write in position. | Yes | |
| Write-in: With No Declared Candidates | Yes | |
| Write-in: Identification of write-ins for resolution at central count | Yes | |
| Primary Presidential Delegation Nominations & Slates: | | |
| Primary Presidential Delegation Nominations:  Displayed delegate slates for each presidential party | No | |

| Feature/Characteristic | Yes/No | Comment |
|---|---|---|
| Slate & Group Voting: one selection votes the slate. | No | |
| Ballot Rotation: | | |
| Rotation of Names within an Office; define all supported rotation methods for location on the ballot and vote tabulation/reporting | Yes | |
| Straight Party Voting: | | |
| Straight Party: A single selection for partisan races in a general election | Yes | |
| Straight Party: Vote for each candidate individually | Yes | |
| Straight Party: Modify straight party selections with crossover votes | Yes | |
| Straight Party: A race without a candidate for one party | Yes | |
| Straight Party: N of M race (where "N">1) | Yes | |
| Straight Party: Excludes a partisan contest from the straight party selection | Yes | |
| Cross-Party Endorsement: | | |
| Cross party endorsements, multiple parties endorse one candidate. | Yes | |
| Split Precincts: | | |
| Split Precincts: Multiple ballot styles | Yes | |
| Split Precincts: P & M system support splits with correct contests and ballot identification of each split | Yes | |
| Split Precincts: DRE matches voter to all applicable races. | Yes | |
| Split Precincts: Reporting of voter counts (# of voters) to the precinct split level; Reporting of vote totals is to the precinct level | Yes | It is possible to list the number of voters. |
| Vote N of M: | | |
| Vote for N of M: Counts each selected candidate, if the maximum is not exceeded. | Yes | |
| Vote for N of M: Invalidates all candidates in an overvote (paper) | Yes | |
| Recall Issues, with options: | | |
| Recall Issues with Options: Simple Yes/No with separate race/election. (Vote Yes or No Question) | No | |
| Recall Issues with Options: Retain is the first option, Replacement candidate for the second or more options (Vote 1 of M) | No | |
| Recall Issues with Options: Two contests with access to a second contest conditional upon a specific vote in contest one. (Must vote Yes to vote in 2nd contest.) | No | |
| Recall Issues with Options: Two contests with access to a second contest conditional upon any vote in contest one. (Must vote Yes to vote in 2nd contest.) | No | |
| Cumulative Voting | | |
| Cumulative Voting: Voters are permitted to cast, as many votes as there are seats to be filled for one or more candidates. Voters are not limited to giving only one vote to a candidate. Instead, they can put multiple votes on one or more candidate. | No | |
| Ranked Order Voting | | |
| Ranked Order Voting: Voters can write in a ranked vote. | No | |
| Ranked Order Voting: A ballot stops being counting when all ranked choices have been eliminated | No | |

| Feature/Characteristic | Yes/No | Comment |
|---|---|---|
| Ranked Order Voting: A ballot with a skipped rank counts the vote for the next rank. | No | |
| Ranked Order Voting: Voters rank candidates in a contest in order of choice. A candidate receiving a majority of the first choice votes wins. If no candidate receives a majority of first choice votes, the last place candidate is deleted, each ballot cast for the deleted candidate counts for the second choice candidate listed on the ballot. The process of eliminating the last place candidate and recounting the ballots continues until one candidate receives a majority of the vote | No | |
| Ranked Order Voting: A ballot with two choices ranked the same, stops being counted at the point of two similarly ranked choices. | No | |
| Ranked Order Voting: The total number of votes for two or more candidates with the least votes is less than the votes of the candidate with the next highest number of votes, the candidates with the least votes are eliminated simultaneously and their votes transferred to the next-ranked continuing candidate. | No | |
| Provisional or Challenged Ballots | | |
| Provisional/Challenged Ballots: A voted provisional ballots is identified but not included in the tabulation but can be added in the central count. | Yes | |
| Provisional/Challenged Ballots: A voted provisional ballots is included in the tabulation, but is identified and can be subtracted in the central count | Yes | |
| Provisional/Challenged Ballots: Provisional ballots maintain the secrecy of the ballot. | Yes | |
| Overvotes (must support for specific type of voting system) | | |
| Overvotes: P & M: Overvote invalidates the vote. Define how overvotes are counted. | Yes | |
| Overvotes: DRE: Prevented from or requires correction of overvoting. | Yes | |
| Overvotes: If a system does not prevent overvotes, it must count them. Define how overvotes are counted. | Yes | |
| Overvotes: DRE systems that provide a method to data enter absentee votes must account for overvotes. | Yes | |
| Undervotes | | |
| Undervotes: System counts undervotes cast for accounting purposes | Yes | |
| Blank Ballots | | |
| Totally Blank Ballots: Any blank ballot alert is tested. | Yes | |
| Totally Blank Ballots: If blank ballots are not immediately processed, there must be a provision to recognize and accept them | Yes | |
| Totally Blank Ballots: If operators can access a blank ballot, there must be a provision for resolution. | Yes | |
| Networking | | |
| Wide Area Network – Use of Modems | No | |
| Wide Area Network – Use of Wireless | No | |
| Local Area Network – Use of TCP/IP | No | |
| Local Area Network – Use of Infrared | No | |

| Feature/Characteristic | Yes/No | Comment |
|---|---|---|
| Local Area Network − Use of Wireless | No | |
| FIPS 140-2 validated cryptographic module | Yes | |
| Used as (if applicable): | | |
| Precinct counting device | Yes | DS200, ExpressTouch, ExpressVote HW2.1, ExpressVote XL |
| Central counting device | Yes | DS450 and/or DS850 |

## Baseline Certification Engineering Change Order's (ECO)

This table depicts the ECO's certified with the voting system:

| Change ID | Date | Component | Description | Inclusion |
|---|---|---|---|---|
| ECO 938 | 12/14/18 | DS200 | Texture Free Surface for Security Seals | DeMinimis Optional |
| ECO 982 | 2/20/19 | ExpressVote XL | Add Cord Wrap Hooks, Filler for Card Bin and Shipping Bracket | DeMinimis Optional |
| ECO 988 | 4/29/19 | ExpressVote | Add End of Life Zebra Scanner | DeMinimis Optional |
| ECO 989 | 4/29/19 | ExpressVote | Adds Updated USB Thumb Drive Cover | DeMinimis Optional |
| ECO 991 | 4/29/19 | DS200 | Add Hardware Rev 1.3.11 | Non-DeMinimis Optional |
| ECO 993 | 4/29/19 | DS450 | Adds Oki 432 Report Printer and APC Smart-UPS 1500 | Non-DeMinimis Optional |
| ECO 1000 | 2/13/19 | DS200 Collapsible Ballot Box | Adds Hardware Rev 1.1 | De Minimis Optional |
| ECO 1004 | 12/14/18 | DS450 | Add Oki 432 Report Printer Due to End of Life | De Minimis Optional |
| ECO 1005 | 12/14/18 | DS850 | Add Oki 432 Report Printer Due to End of Life | De Minimis Optional |
| ECO 1016 | 2/13/19 | ExpressVote Voting Booth | Added Enhanced Doors | De Minimis Optional |
| ECO 2160 | 4/29/19 | ExpressVote | Lengthen Detachable Key Pad Cord | De Minimis Optional |



**KATIE HOBBS**
SECRETARY OF STATE
*State of Arizona*

November 5, 2019

Susan Parmer
State Certification Manager
Election Systems & Software
11208 John Galt Blvd
Omaha, NE 68137

Dear Ms. Parmer,

Elections Systems & Software (ES&S) has requested certification of the EVS 6.0.4.0 Voting Systems. The EVS 6.0.4.0 Voting System consists of the following components:

| Component Name | Software/Firmware Version | Hardware Version |
|---|---|---|
| Electionware | 5.0.4.0 | -- |
| DS200 | 2.17.4.0 | HW 1.2 & 1.3 |
| DS450 | 3.1.1.0 | HW 1.0 |
| DS850 | 3.1.1.0 | HW 1.0 |
| ExpressVote | 1.5.2.0 | HW 1.0 |
| ExpressVote | 2.4.5.0 | HW 2.1 |

The Secretary of State's Equipment Certification Advisory Committee, appointed by me pursuant to A.R.S. § 16-442, met in a public meeting held October 29, 2019, to discuss your application and make a final recommendation on certification. The Committee forwarded their findings and recommendation for conditional certification.

I concur with the Committee report and hereby approve and grant conditional certification of the EVS 6.0.4.0 Voting Systems for use in Arizona's state, county, city, and town elections with the following conditions:

1) the ExpressVote units will not be programmed and/or used as a tabulation unit;

2) conditional certification of the electronic adjudication feature contingent on the process being authorized in the next Elections Procedures Manual and conducted in compliance with the procedures defined therein; and

3) the EAC issues approval of the Software Engineering Change Order to address the missing Spanish translation on the ExpressVote ballot by January 2, 2021. In the event the EAC denies approval for the Change Order or EAC approval for the Change Order is not issued by January 2, 2021, the EVS 6.0.4.0 voting system may be subject to decertification.

As a reminder, before the voting system may be used in a state election, the application source code must be placed in escrow with the State of Arizona as the recipient of escrow. Should questions arise regarding this certification, please contact Janine Petty, Deputy State Election Director at 602-542-6209.

Sincerely,

Katie Hobbs
Secretary of State



**KATIE HOBBS**
SECRETARY OF STATE
*State of Arizona*

February 24, 2020

Susan Parmer
State Certification Manager
Election Systems & Software
11208 John Galt Blvd
Omaha, NE 68137

Dear Ms. Parmer,

Elections Systems & Software (ES&S) has requested certification of Engineering Change Order # 1045 (ECO) for software components of the ExpressVote HW 1.0 & 2.1 as it relates to the EVS 6.0.4.0 voting system release previously conditionally certified for use in Arizona elections.

The Secretary of State Equipment Certification Advisory Committee, appointed by me pursuant to A.R.S. § 16-442, met in a public meeting held January 28, 2020 to review your application and supporting documentation. The Committee forwarded their findings and recommendation for certification.

I concur with the Committee report and hereby approve and grant certification of ECO # 1045 which includes:

| ECO # | Component | Hardware Version | Software/Firmware Version |
|-------|-----------|------------------|---------------------------|
| 1045 | ExpressVote | HW 1.0 | 1.5.2.1 |
| | ExpressVote | HW 2.1 | 2.4.5.1 |

In addition, I believe ES&S has demonstrated that ECO # 1045 has fully addressed the missing Spanish translation issue previously identified on the ExpressVote units which needed to be resolved prior to January 2, 2021 or the system may be subject to decertification. Therefore, I grant certification of EVS 6.0.4.0 Voting System for use in Arizona's state, county, city, and town elections with the following conditions:

1) The ExpressVote units will not be programmed and/or used as a tabulation unit;

2) Certification of the electronic adjudication feature contingent on the process being conducted in accordance with A.R.S. § 16-621(B) and the Elections Procedures Manual.

As a reminder, before the voting system may be used in a state election, the application source code must be placed in escrow with the State of Arizona as the recipient of escrow.  Should questions arise regarding this certification, please contact Janine Petty, Deputy State Election Director at 602-542-6209.

Sincerely,

Katie Hobbs
Secretary of State

# EXHIBIT C



**Cochise County**
**Elections Department**

*Public Programs...Personal Service*
www.cochise.az.gov

**LISA M. MARRA**
Director

**MARTHA L. RODRIQUEZ**
Deputy Director

November 12, 2022

The Honorable Katie Hobbs
Arizona Secretary of State
1700 West Washington St, 7th Floor
Phoenix, AZ 85007

Secretary Hobbs:

Pursuant to A.R.S. §16-602, the Cochise County Elections Department conducted the statutorily required hand count audit of the November 8, 2022 General Election. Cochise County tabulates Election Day ballots cast onsite at each Vote Center. All seventeen Vote Centers were included in the random draw for selection. Early ballots were tabulated at Central Count using one machine. Ten batches of approximately 200 ballots each were sequestered for the random draw representing selections from four non-consecutive random days of tabulation.

The Cochise County Party Chairs from the Democratic and Republican Parties provided the required six names with alternates to the Elections Director by the agreed upon deadline of October 21, 2022. The Democratic Party Chair, Elisabeth Tyndall and the authorized representative, Judy Smith, designated by the Republican Party Chair, Robert Montgomery, met at 2:00 pm on November 9, 2022 at the Elections Department in Bisbee to begin the hand count audit process. They randomly chose, by lot, the following Vote Centers and early batches:

Vote Center 2 Bisbee – 601 ballots cast          Vote Center 5 Benson – 801 ballots cast
Batch #1 - 200 early ballots cast          Batch #30 - 200 early ballots cast

Four contested races were selected by random lot draw as required by law for the General

1415 Melody Lane, Building E
Bisbee, Arizona 85603
520-432-8970
520-432-8995 fax
lmarra@cochise.az.gov

Election. The following races were drawn for audit:

> Federal Candidate – US Representative (CD 6 & CD 7) - 4 Candidates
> Statewide Candidate – Superintendent of Public Instruction – 2 Candidates
> Statewide Legislative – State Representative (LD 19 & LD 21) – 7 Candidates
> Statewide Ballot Measure – Proposition 309 – 2 options (yes/no)

Twelve hand count members, six each from the Democratic and Republican Parties convened at 9:00 am on Saturday, November 12, 2022 at the Elections Department in Bisbee to begin the hand count. Following the administration of the Oath to all present and providing detailed instructions, the physical hand count began at 9:45am. The tabulation method, as outlined in the Election Procedures Manual was utilized. The hand count was conducted by four boards, consisting of three members each with two auditors verifying results with machine produced batch results reports or result tapes from the Vote Center tabulators.

The Boards adjourned by 5:00 pm that same day, having successfully completed the hand count audit of the 2022 General Election. There were no discrepancies in any race audited by any Board. The aggregate hand count report, which depicts the results of the hand count audit for each race is attached along with the hand count summary report for each Board. Overall, four races represented by fifteen candidates/options on a total of one thousand eight hundred and two ballots (1802) were successfully hand audited.

As the Officer in Charge of Elections for Cochise County, I am pleased to report that all races selected and all ballots that were hand counted by these political party board members matched the machine determined results with no discrepancy in any race resulting in an absolute difference of zero.

Respectfully Submitted,

Lisa M. Marra, CERA, CPM
Director of Elections
Cochise County, State of Arizona



### COCHISE COUNTY, ARIZONA
### POLITICAL PARTY HAND COUNT
### November 8, 2022 General Election

Handout process to begin at **2:00pm on 11/9/2022** in the offices of the Cochise County Elections Department – 1415 Melody Lane, Building E, Bisbee, AZ.

The physical handcount will begin at 9:00 on Saturday, November 12, 2022.  6 members from each political party that were provided by October 21, 2022.

| Party order to draw: | Draw First _Judy_ | Draw Second _Elisabeth_ |
|---|---|---|
| | R | D |

## Official Vote Center Count Draw (1-17 Vote Centers)
*2% of Vote Centers or 2 minimum*    601                          801

| Vote Center draw _VC 2_ | Vote Center draw _VC 5_ |
|---|---|
| _Bisbee_ | _Benson_ |

### Number of Races to Count per Category (up to 4 contested races)

Federal Race (US Senate/Rep) _US Rep (7)_

Statewide Candidate _School Superintendent_     .

State Legislature _State Rep 21_

State Proposition _309_

## Official Early Ballot Count Draw
*1% of Early Ballots cast (1% or 5000)*  **22,790** *counted as of election night = 228 ballots*
*Batches are approximately 200 ballots each. Draw consists of 2 batches sequestered from 3 random different days of tabulation:*
Batches 1-4, 11-14, 55-58

| Early Batch draw _1_ | Early Batch draw _50_ |
|---|---|

_Elisabeth Tyndall_
Elisabeth Tyndall, Democratic Party Chair

_Judy Smith_
Judy Smith, for
Robert Montgomery, Republican Party Chair

_Lisa Marra_
Election Official: Lisa M. Marra, CERA, CPM
Director of Elections, Cochise County, AZ

## Master List of All Contested Races

**Election:**   November 8, 2022  General

Category:   FEDERAL

Race:   U.S. SENATE

Category:   FEDERAL

Race:   U.S_REPRESENTATIVE _CD 7

Category:  FEDERAL

Race:  U.S. REPRESENTATIVE  CD6

Category:   STATEWIDE

Race:   GOVERNOR

Category:   STATEWIDE

Race:   ATTORNEY GENERAL

Category:   STATEWIDE

Race:  SUPT. OF PUBLIC INSTRUCTION

Category:   STATEWIDE

Race:   SECRETARY OF STATE

Category:   STATEWIDE

Race:   STATE TREASURER

Category:   STATEWIDE

Race: CORPORATION COMMISSIONER

Category:   STATE LEGISLATIVE #LD19

Race:   STATE REPRESENTATIVE

Category:   STATE LEGISLATIVE #LD21

Race:   STATE SENATOR

Category:  STATE LEGISLATIVE #LD21

Race:   STATE REPRESENTATIVE

Category: Statewide Ballot Measure

Race:  Prop 128

Category: Statewide Ballot Measure

Race: Prop 130

Category: Statewide Ballot Measure

Race: Prop 129

Category: Statewide Ballot Measure

Race: Prop 131

Category: Statewide Ballot Measure

Race:  Prop 132

Category: Statewide Ballot Measure

Race:  Prop 211

Category:  Statewide Ballot Measure

Race:  Prop 309

Category: Statewide Ballot Measure

Race:  Prop 209

Category: Statewide Ballot Measure

Race:  Prop 308

Category: Statewide Ballot Measure

Race:  Prop 310



## COCHISE COUNTY ELECTIONS
## 11/8/2022 General Election
### Hand Count Board Sign in Sheet

The Hand Count Board, selected by the Cochise County Chairmen from the Republican and Democratic Party's, convened on November 12, 2022 at 9:00am at the Cochise County Elections Dept. located at 1415 Melody Lane, Building E, Bisbee, AZ

| Name | Party | ID & VR Verified | Signature | Board / Position | |
|------|-------|------------------|-----------|-----------------|---|
| Harry Brown | REP | ☑ | | 1 | J |
| Claribeth Davis | REP | ☑ | | 2 | I |
| Shannon Glaser | DEM | ☑ | | 3 | I |
| Ron Hale | REP | ☑ | | 3 | J |
| Diana Monson Hale | REP | ☐ | | 4 | J |
| Randy Limbach | REP | ☑ | | 3 | J |
| Steve Marlatt | DEM | ☐ | | 1 | I |
| Carl Anne Park | DEM | ☑ | | 1 | J |
| David Penrose | DEM | ☑ | | 2 | J |
| Lanae Rogers | DEM | ☑ | | 4 | J |
| Judy Smith | REP | ☒ | | 4 | I |
| Sharon Strachon | DEM | ☑ | | 2 | J |

Attendee: Deborah Graves

County Staff auditors

**Cochise County, Arizona**

| AGGREGATE - EARLY BALLOT AUDIT - HAND COUNT REPORT |
| :---: |
| TOTAL FROM ALL BATCHES and VOTE CENTERS |

### Election: November 8, 2022 (General)

**Race Category: Federal Candidate**          **Race: U.S. Representative (CD6 & CD7)**

| | | Hand Count Total | Machine Count Total | Absolute Difference |
| --- | --- | --- | --- | --- |
| Batch 1 (Board1) | 200 ballots | 199 | 199 | 0 |
| Batch 30 (Board 2) | 200 ballots | 199 | 199 | 0 |
| | | | | |
| Vote Center 2 (Board 3) | 601 ballots | 594 | 594 | 0 |
| Vote Center 5 (Board 4) | 801 ballots | 789 | 789 | 0 |
| Totals: | | 1781 | 1781 | |

| | Aggregated Margin |
| --- | --- |
| Margin = Absolute Difference ÷ Machine Count X 100 | 0% |

**Race Category: Statewide**          **Race: Superintendent of Public Instruction**

| | Hand Count Total | Machine Count Total | Absolute Difference |
| --- | --- | --- | --- |
| Batch 1 | 197 | 197 | 0 |
| Batch 30 | 193 | 193 | 0 |
| | | | |
| Vote Center 2 | 596 | 596 | 0 |
| Vote Center 5 | 791 | 791 | 0 |
| Totals: | 1777 | 1777 | |

| | Aggregated Margin |
| --- | --- |
| Margin = Absolute Difference ÷ Machine Count X 100 | 0% |

**Race Category: Legislative**          **Race: State Representative (LD19 & LD21)**

| | Hand Count Total | Machine Count Total | Absolute Difference |
| --- | --- | --- | --- |
| Batch 1 | 314 | 314 | 0 |
| Batch 30 | 274 | 274 | 0 |
| | | | |
| Vote Center 2 | 1131 | 1131 | 0 |
| Vote Center 5 | 1485 | 1485 | 0 |
| Totals: | 3204 | 3204 | |

| | Aggregated Margin |
| --- | --- |
| Margin = Absolute Difference ÷ Machine Count X 100 | 0 % |

**Race Category: Ballot Measure**          **Race: Proposition 309**

| | Hand Count Total | Machine Count Total | Absolute Difference |
| --- | --- | --- | --- |
| Batch 1 | 191 | 191 | 0 |
| Batch 30 | 190 | 190 | 0 |
| | | | |
| Vote Center 2 | 586 | 586 | 0 |
| Vote Center 5 | 768 | 768 | 0 |
| Totals: | 1735 | 1735 | |

| | Aggregated Margin |
| --- | --- |
| Margin = Absolute Difference ÷ Machine Count X 100 | 0 % |

## COCHISE COUNTY, ARIZONA

### PRECINCT HAND COUNT REPORT
### November 8, 2022 General Election

**Early Batch # 1    200 ballots**                                            **BOARD # 1**

**Race Category: Federal**          Race:   US Rep in Congress

| Optical Scan | | | |
|---|---|---|---|
| Candidate Name | Hand Count Total | Machine Count Total | Absolute Difference |
| Ciscomani, Juan (REP)  CD6 | 93 | 93 | 0 |
| Engel, Kirsten (DEM)  CD6 | 70 | 70 | 0 |
| Pozzolo, Luis (REP)  CD7 | 6 | 6 | 0 |
| Grijalva, Raul (DEM)  CD7 | 30 | 30 | 0 |
| **TOTAL** | **199** | **199** | **0** |

Comments for why a discrepancy occurred:

**Race Category: Statewide**          Race:   **Superintendent of Public Instruction**

| Optical Scan | | | |
|---|---|---|---|
| Candidate Name | Hand Count Total | Machine Count Total | Absolute Difference |
| Horne, Tom (REP) | 94 | 94 | 0 |
| Hoffman, Kathy (DEM) | 103 | 103 | 0 |
| **TOTAL** | **197** | **197** | **0** |

Comments for why a discrepancy occurred:

**Race Category: State Legislature**          Race:   **State Representative**

| Optical Scan | | | |
|---|---|---|---|
| Candidate Name | Hand Count Total | Machine Count Total | Absolute Difference |
| Kennedy, Damien (REP) LD21 | 5 | 5 | 0 |
| McEwen, Deborah (REP) LD21 | 6 | 6 | 0 |
| Hernandez, Consuelo (DEM) LD21 | 23 | 23 | 0 |
| Stahl Hamilton, Stephanie (DEM) LD21 | 23 | 23 | 0 |
| Diaz, Lupe (REP) LD19 | 89 | 89 | 0 |
| Griffin, Gail (REP) LD19 | 92 | 9 | 0 |
| Clark, Sanda (DEM) LD19 | 76 | 76 | 0 |
| **TOTAL** | **314** | **314** | **0** |

Comments for why a discrepancy occurred:

**Race Category: Ballot Measure**          Race: Proposition 309

| Optical Scan | | | |
|---|---|---|---|
| Candidate Name | Hand Count Total | Machine Count Total | Absolute Difference |
| YES | 96 | 96 | 0 |
| NO | 95 | 95 | 0 |
| **TOTAL** | **191** | **191** | **0** |

Comments for why a discrepancy occurred:

**\* Carry Totals to Aggregate Precinct Hand Count Report \***



Page 1 of 1

## COCHISE COUNTY, ARIZONA

PRECINCT HAND COUNT REPORT
### November 8, 2022 General Election

**Early Batch # 30    200 ballots**                                    **BOARD # 2**

**Race Category: Federal**              **Race:   US Rep in Congress**

| Optical Scan | | | |
|---|---|---|---|
| Candidate Name | Hand Count Total | Machine Count Total | Absolute Difference |
| Ciscomani, Juan (REP) CD6 | 84 | 84 | 0 |
| Engel, Kirsten (DEM) CD6 | 78 | 78 | 0 |
| Pozzolo, Luis (REP) CD7 | 20 | 20 | 0 |
| Grijalva, Raul (DEM) CD7 | 17 | 17 | 0 |
| | | | |
| **TOTAL** | **199** | **199** | **0** |

Comments for why a discrepancy occurred: _____

**Race Category: Statewide**              **Race:   Superintendent of Public Instruction**

| Optical Scan | | | |
|---|---|---|---|
| Candidate Name | Hand Count Total | Machine Count Total | Absolute Difference |
| Horne, Tom (REP) | 92 | 92 | 0 |
| Hoffman, Kathy (DEM) | 101 | 101 | 0 |
| | | | |
| | | | |
| **TOTAL** | **193** | **193** | **0** |

Comments for why a discrepancy occurred: _____

**Race Category: State Legislature**              **Race:   State Representative**

| Optical Scan | | | |
|---|---|---|---|
| Candidate Name | Hand Count Total | Machine Count Total | Absolute Difference |
| Kennedy, Damien (REP) LD21 | 5 | 5 | 0 |
| McEwen, Deborah (REP) LD21 | 6 | 6 | 0 |
| Hernandez, Consuelo (DEM) LD21 | 2 | 2 | 0 |
| Stahl Hamilton, Stephanie (DEM) LD21 | 2 | 2 | 0 |
| Diaz, Lupe (REP) LD19 | 75 | 75 | 0 |
| Griffin, Gail (REP) LD19 | 85 | 85 | 0 |
| Clark, Sanda (DEM) LD19 | 99 | 99 | 0 |
| **TOTAL** | **274** | **274** | **0** |

Comments for why a discrepancy occurred: _____

**Race Category: Ballot Measure**              **Race: Proposition 309**

| Optical Scan | | | |
|---|---|---|---|
| Candidate Name | Hand Count Total | Machine Count Total | Absolute Difference |
| YES | 87 | 87 | 0 |
| NO | 103 | 103 | 0 |
| **TOTAL** | **190** | **190** | **0** |

Comments for why a discrepancy occurred: _____

**\* Carry Totals to Aggregate Precinct Hand Count Report \***



Page 1 of 1

# COCHISE COUNTY, ARIZONA

### PRECINCT HAND COUNT REPORT
## November 8, 2022 General Election

**Vote Center 2  601 ballots**                                    **BOARD # 3**

Race Category:  Federal                          Race:   US Rep in Congress

| Optical Scan | | | |
| --- | --- | --- | --- |
| Candidate Name | Hand Count Total | Machine Count Total | Absolute Difference |
| Ciscomani, Juan (REP)  CD6 | 81 | 81 | 0 |
| Engel, Kirsten (DEM)  CD6 | 23 | 23 | 0 |
| Pozzolo, Luis (REP)  CD7 | 289 | 289 | 0 |
| Grijalva, Raul (DEM) CD7 | 201 | 201 | 0 |
| | | | |
| **TOTAL** | **594** | **594** | **0** |

Comments for why a discrepancy occurred: _____

Race Category:  Statewide                       Race:   Superintendent of Public Instruction

| Optical Scan | | | |
| --- | --- | --- | --- |
| Candidate Name | Hand Count Total | Machine Count Total | Absolute Difference |
| Horne, Tom (REP) | 354 | 354 | 0 |
| Hoffman, Kathy (DEM) | 242 | 242 | 0 |
| | | | |
| | | | |
| **TOTAL** | **596** | **596** | **0** |

Comments for why a discrepancy occurred: _____

Race Category:  State Legislature               Race:   State Representative

| Optical Scan | | | |
| --- | --- | --- | --- |
| Candidate Name | Hand Count Total | Machine Count Total | Absolute Difference |
| Kennedy, Damien (REP) LD21 | 258 | 258 | 0 |
| McEwen, Deborah (REP) LD21 | 257 | 257 | 0 |
| Hernandez, Consuelo (DEM) LD21 | 192 | 192 | 0 |
| Stahl Hamilton, Stephanie (DEM) LD21 | 193 | 193 | 0 |
| Diaz, Lupe (REP) LD19 | 100 | 100 | 0 |
| Griffin, Gail (REP) LD19 | 90 | 90 | 0 |
| Clark, Sanda (DEM) LD19 | 41 | 41 | 0 |
| **TOTAL** | **1131** | **1131** | **0** |

Comments for why a discrepancy occurred: _____

Race Category:  Ballot Measure                  Race: Proposition 309

| Optical Scan | | | |
| --- | --- | --- | --- |
| Candidate Name | Hand Count Total | Machine Count Total | Absolute Difference |
| YES | 338 | 338 | 0 |
| NO | 248 | 248 | 0 |
| **TOTAL** | **586** | **586** | **0** |

Comments for why a discrepancy occurred: _____

**\* Carry Totals to Aggregate Precinct Hand Count Report \***



Page 1 of 1

## COCHISE COUNTY, ARIZONA

PRECINCT HAND COUNT REPORT
### November 8, 2022 General Election

**Vote Center 5  801 ballots**                                    **BOARD # 4**

**Race Category:  Federal**                 **Race:   US Rep in Congress**

| Optical Scan | | | |
|---|---|---|---|
| Candidate Name | Hand Count Total | Machine Count Total | Absolute Difference |
| Ciscomani, Juan (REP)  CD6 | 710 | 710 | 0 |
| Engel, Kirsten (DEM)  CD6 | 74 | 74 | 0 |
| Pozzolo, Luis (REP)  CD7 | 2 | 2 | 0 |
| Grijalva, Raul (DEM) CD7 | 3 | 3 | 0 |
| **TOTAL** | **789** | **789** | **0** |

Comments for why a discrepancy occurred:

**Race Category:  Statewide**                 **Race:   Superintendent of Public Instruction**

| Optical Scan | | | |
|---|---|---|---|
| Candidate Name | Hand Count Total | Machine Count Total | Absolute Difference |
| Horne, Tom (REP) | 708 | 708 | 0 |
| Hoffman, Kathy (DEM) | 83 | 83 | 0 |
| **TOTAL** | **791** | **791** | **0** |

Comments for why a discrepancy occurred:

**Race Category:  State Legislature**                 **Race:   State Representative**

| Optical Scan | | | |
|---|---|---|---|
| Candidate Name | Hand Count Total | Machine Count Total | Absolute Difference |
| Kennedy, Damien (REP) LD21 | 1 | 1 | 0 |
| McEwen, Deborah (REP) LD21 | 1 | 1 | 0 |
| Hernandez, Consuelo (DEM) LD21 | 0 | 0 | 0 |
| Stahl Hamilton, Stephanie (DEM) LD21 | 0 | 0 | 0 |
| Diaz, Lupe (REP) LD19 | 687 | 687 | 0 |
| Griffin, Gail (REP) LD19 | 702 | 702 | 0 |
| Clark, Sanda (DEM) LD19 | 94 | 94 | 0 |
| **TOTAL** | **1485** | **1485** | **0** |

Comments for why a discrepancy occurred:

**Race Category:  Ballot Measure**                 **Race: Proposition 309**

| Optical Scan | | | |
|---|---|---|---|
| Candidate Name | Hand Count Total | Machine Count Total | Absolute Difference |
| YES | 609 | 609 | 0 |
| NO | 159 | 159 | 0 |
| **TOTAL** | **768** | **768** | **0** |

Comments for why a discrepancy occurred:

**\* Carry Totals to Aggregate Precinct Hand Count Report \***

# EXHIBIT D

**PRINT AGENDA**

**RETURN TO THE SEARCH PAGE**



# Cochise County
# Board of Supervisors

*Public Programs…Personal Service*
www.cochise.az.gov

**TOM CROSBY**
Supervisor
District 1

**ANN ENGLISH**
Chairman
District 2

**PEGGY JUDD**
Vice-Chairman
District 3

**RICHARD G. KARWACZKA**
County Administrator

**SHARON GILMAN**
Deputy County Administrator

**TIM MATTIX**
Clerk of the Board

AGENDA FOR SPECIAL BOARD MEETING
TUESDAY, NOVEMBER 15, 2022 at 1:00 PM
**BOARD OF SUPERVISORS HEARING ROOM**
**1415 MELODY LANE, BUILDING G, BISBEE, AZ 85603**

**ANY ITEM ON THIS AGENDA IS OPEN FOR DISCUSSION AND POSSIBLE ACTION**

**ROLL CALL**
*Members of the Cochise County Board of Supervisors will attend either in person or by telephone, video or internet conferencing.*

Members of the public may also <u>attend this meeting</u> via Microsoft Teams computer or mobile app, or via phone by calling 602-609-7513 or 888-680-6714, Conference ID 537 408 453#. If you have trouble accessing this meeting remotely, call 520-432-9200 for direction.

The Board may permit public comment during the discussion of any item on this agenda.  To speak on an agenda item, complete and return the <u>speaker request form</u> to the Clerk of the Board prior to the start of the meeting.

*ACTION*

## Board of Supervisors

1.     Modify current standing action by the board of Oct. 24, 2022, regarding hand count audit
       Pursuant to ARS 16-602 B; to be 99.9% of ballots will be counted. (TO BE DECIDED IN
       EMERGENCY/SPECIAL MEETING-requested by 11/15/2022)** *Click to View*

       Attachments
       <u>Email</u>

Pursuant to the Americans with Disabilities Act (ADA), Cochise County does not, by reason of a disability, exclude from participation in or deny benefits or services, programs or activities or discriminate against any qualified person with a disability. Inquiries regarding compliance with ADA provisions, accessibility or accommodations can be directed to Cochise County ADA Coordinator, ADACoordinator@cochise.az.gov, (520) 432-9830, TDD (520) 432-8360, 1415 Melody Lane, Building C, Bisbee, AZ 85603.

## Cochise County Board of Supervisors
1415 Melody Lane, Building G    Bisbee, Arizona 85603
520-432-9200    520-432-5016 fax    board@cochise.az.gov

The undersigned hereby certifies that a copy of this notice was duly posted at the address listed above in accordance with the statement filed by the Cochise County Board of Supervisors.

Posted this _____ day of _____ , 2022 at _____

by _____.

GO TO PREVIOUS PAGE          GO TO THE TOP OF THE PAGE

W3C   WAI-AA
      WCAG 2.0

AgendaQuick ©2005 – 2022 Destiny Software Inc. All Rights Reserved.

# EXHIBIT E

## PRINT AGENDA

## RETURN TO THE SEARCH PAGE



# Cochise County
# Board of Supervisors

*Public Programs...Personal Service*
www.cochise.az.gov

| | |
|---|---|
| **TOM CROSBY** Supervisor District 1 | **RICHARD G. KARWACZKA** County Administrator |
| **ANN ENGLISH** Chairman District 2 | **SHARON GILMAN** Deputy County Administrator |
| **PEGGY JUDD** Vice-Chairman District 3 | **TIM MATTIX** Clerk of the Board |

## AGENDA FOR SPECIAL BOARD MEETING
### FRIDAY, NOVEMBER 18, 2022 at 4:00 PM
## BOARD OF SUPERVISORS HEARING ROOM
## 1415 MELODY LANE, BUILDING G, BISBEE, AZ 85603

**ANY ITEM ON THIS AGENDA IS OPEN FOR DISCUSSION AND POSSIBLE ACTION**

**ROLL CALL**
*Members of the Cochise County Board of Supervisors will attend either in person or by telephone, video or internet conferencing.*

Members of the public may also <u>attend this meeting</u> via Microsoft Teams computer or mobile app, or via phone by calling 602-609-7513 or 888-680-6714, Conference ID 609 601 174#. If you have trouble accessing this meeting remotely, call 520-432-9200 for direction.

The Board may permit public comment during the discussion of any item on this agenda.  To speak on an agenda item, complete and return the <u>speaker request form</u> to the Clerk of the Board prior to the start of the meeting.

### *ACTION*

### Board of Supervisors

1.  Accept the elections results certified and submitted by the Cochise County Elections Department as the official canvass for the General Election held on November 8, 2022. *Click to View*

    -- Tabled

    Attachments
    <u>General Election Canvass Documents</u>

Agenda - View Meetings

Pursuant to the Americans with Disabilities Act (ADA), Cochise County does not, by reason of a disability, exclude from participation in or deny benefits or services, programs or activities or discriminate against any qualified person with a disability. Inquiries regarding compliance with ADA provisions, accessibility or accommodations can be directed to Cochise County ADA Coordinator, ADACoordinator@cochise.az.gov, (520) 432-9830, TDD (520) 432-8360, 1415 Melody Lane, Building C, Bisbee, AZ 85603.

## Cochise County Board of Supervisors
1415 Melody Lane, Building G    Bisbee, Arizona 85603
520-432-9200    520-432-5016 fax    board@cochise.az.gov

The undersigned hereby certifies that a copy of this notice was duly posted at the address listed above in accordance with the statement filed by the Cochise County Board of Supervisors.

Posted this _____ day of _____ , 2022 at _____

by _____ .

**GO TO PREVIOUS PAGE**        **GO TO THE TOP OF THE PAGE**

W3C  WAI-AA
     WCAG 2.0

AgendaQuick ©2005 - 2022 Destiny Software Inc. All Rights Reserved.

# EXHIBIT F



Aria C. Branch
Lalitha D. Madduri
Christina Ford
Mollie DiBrell
Daniel Cohen
ELIAS LAW GROUP LLP
10 G St. NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490

Roy Herrera
Daniel A. Arellano
Jillian L. Andrews
Austin T. Marshall
HERRERA ARELLANO LLP
1001 North Central Avenue, Suite 404
Phoenix, AZ 85004
Telephone: (602) 567-4820

November 22, 2022

Dear Mr. McIntyre,

      We write on behalf of our clients, the Arizona Alliance for Retired Americans and Stephani Stephenson, regarding actions taken by the Cochise County Board of Supervisors (the "Board"). We are aware that on November 18, 2022, the Board voted 2-1 to postpone canvassing the election results to November 28, 2022. Supervisor Crosby stated that the Board made this decision to delay the canvass of election results "until such evidence about lawful certification [of voting equipment] by an accredited laboratory is presented and confirmed by persons with expertise in that field."[1] But all of the statutory prerequisites to certification have been completed, including the necessary hand-count audit under A.R.S.

---

[1] Video Recording of Nov. 18, 2022, Special Meeting at 2:15:28-2:15:51, available at https://www.youtube.com/watch?v=RvAxd054xoM.

§ 16-602—which found no discrepancies in any race[2]—and the Board receiving the complete election results.[3] The Board must now canvass the election results.

The Board's decision to delay the County's canvass is the latest chapter in a long, baseless effort to call into question the results of the 2022 general election. First, the Board ignored the advice of its own legal counsel and voted to conduct an unlawful 100% hand count audit at its October 24, 2022 meeting. This prompted our clients to file a lawsuit to require the Board to conduct only the limited hand audit authorized under Arizona law. The Arizona Superior Court quickly granted our clients' requested relief in full. *See Ariz. All. For Ret. Ams. v. Crosby*, No. CV202200518, November 7, 2022 Order (Ariz. Sup. 2022). Our clients intend to seek attorney fees and costs incurred in this action.

But the Board was undeterred, filing motions for an expedited appeal in the Arizona Court of Appeals and to transfer jurisdiction to the Arizona Supreme Court. After those courts denied both motions, the Board lacked any viable legal path to conduct its illegal expanded hand count audit. The Board nonetheless continued to take steps to conduct an illegal supplemental hand count audit with Cochise County Recorder David Stevens. Upon learning of the Board's plans, our clients sent the Board and Recorder Stevens a letter on November 13, 2022, notifying them of our clients' intent to move to hold them in contempt because the plan to conduct a supplemental hand count audit violated the Superior Court's November 7 order. Supervisors Judd and Crosby then filed a patently frivolous lawsuit against the County Elections Director in her personal capacity seeking to compel her to conduct an unlawful expanded hand count audit or to illegally relinquish custody of the ballots. Supervisors Judd and Crosby abruptly withdrew that petition after our clients moved to intervene in the litigation.

Now, the Board has voted to delay its canvass and condition it upon irrelevant evidence from unknown "experts." But as you and the Board are no doubt aware—and as State Elections Director Kori Lorick explained to you in her November 21, 2022, letter—Arizona law requires the Board to "meet and canvass the election" no later than "twenty days following the election," or November 28. A.R.S. § 16-642(A). This ministerial duty is mandatory, not discretionary: the Board "must canvass" the election results and, as stated in the 2019 Elections Procedures Manual ("EPM"), "[t]he Board of Supervisors has a non-discretionary duty to canvass the returns as provided by the County Recorder or other

---

[2] The results of this audit are available on the Arizona Secretary of State's website at https://azsos.gov/sites/default/files/2022GeneralHandCountReport-Cochise.pdf.

[3] These complete election results are available on the Board's website at https://destinyhosted.com/cochidocs/2022/SPCL/20221118_2470/6792_ElectionUpdate_Final.pdf.

officer in charge of elections and ***has no authority to change vote totals or reject the election results***."[4] EPM at 240 (emphasis added). Moreover, the Secretary of State's office has already provided written proof of the accreditation of the laboratories that tested and certified the voting equipment used in Cochise County.

Given that the Board has already received the complete election results, any further postponements or refusal to canvass the election results by November 28 would be unlawful and would violate the Board's mandatory duty under A.R.S. § 16-642 and the EPM.

If the Board refuses to perform its mandatory statutory duty to accept and canvass the election results by November 28, 2022, we will take swift legal action and seek attorney fees and costs.

Respectfully,

*Lali Madduri*

Lali Madduri

*Counsel for Arizona Alliance for Retired Americans and Stephani Stephenson*

CC: Bryan Blehm (bryan@thevalleylawgroup.com)

---

[4] The 2019 EPM is available on the Arizona Secretary of State's website at https://azsos.gov/sites/default/files/2019_ELECTIONS_PROCEDURES_MANUAL_APPROVED.pdf.

# EXHIBIT G

**PRINT AGENDA**

**RETURN TO THE SEARCH PAGE**



## Cochise County
## Board of Supervisors

*Public Programs...Personal Service*
www.cochise.az.gov

| | |
|---|---|
| **TOM CROSBY**<br>Supervisor<br>District 1 | **RICHARD G. KARWACZKA**<br>County Administrator |
| **ANN ENGLISH**<br>Chairman<br>District 2 | **SHARON GILMAN**<br>Deputy County Administrator |
| **PEGGY JUDD**<br>Vice-Chairman<br>District 3 | **TIM MATTIX**<br>Clerk of the Board |

AGENDA FOR SPECIAL BOARD MEETING
MONDAY, NOVEMBER 28, 2022 at 10:00 AM
**BOARD OF SUPERVISORS HEARING ROOM**
**1415 MELODY LANE, BUILDING G, BISBEE, AZ 85603**

**ANY ITEM ON THIS AGENDA IS OPEN FOR DISCUSSION AND POSSIBLE ACTION**

**ROLL CALL**
*Members of the Cochise County Board of Supervisors will attend either in person or by telephone, video or Internet conferencing.*

Members of the public may also <u>attend this meeting</u> via Microsoft Teams computer or mobile app, or via phone by calling 602-609-7513 or 888-680-6714, Conference ID 401 849 35#. If you have trouble accessing this meeting remotely, call 520-432-9200 for direction.

## *ACTION*

### Board of Supervisors

1.  [Item tabled from the November 18, 2022 Special Meeting] Accept the elections results certified and submitted by the Cochise County Elections Department as the official canvass for the General Election held on November 8, 2022. *Click to View*

    Attachments
    Director Report
    General Election Canvass Documents
    Arizona Secretary of State Material

Pursuant to the Americans with Disabilities Act (ADA), Cochise County does not, by reason of a disability, exclude from participation in or deny benefits or services, programs or activities or discriminate against any qualified person with a disability. Inquiries regarding compliance with ADA provisions, accessibility or accommodations can be directed to Cochise County ADA Coordinator, ADACoordinator@cochise.az.gov, (520) 432-9830, TDD (520) 432-8360, 1415 Melody Lane, Building C, Bisbee, AZ 85603.

**Cochise County Board of Supervisors**
1415 Melody Lane, Building G    Bisbee, Arizona 85603
520-432-9200    520-432-5016 fax    board@cochise.az.gov

Agenda - View Meetings

The undersigned hereby certifies that a copy of this notice was duly posted at the address listed above in accordance with the statement filed by the Cochise County Board of Supervisors.

Posted this _____ day of _____ , 2022 at _____

by _____.

**GO TO PREVIOUS PAGE**     **GO TO THE TOP OF THE PAGE**

W3C   WAI-AA
WCAG 2.0

AgendaQuick ©2005 - 2022 Destiny Software Inc. All Rights Reserved.

# EXHIBIT H

# Special Board of Supervisors Meeting - 10:00 am

Print      Reading Mode

Return to the Search Page        Return to the Agenda

Action  1.

## Board of Supervisors

**Meeting Date:**          11/28/2022
**Elections Department official canvass for the 2022 General Election**
**Submitted By:**          Tim Mattix, Board of Supervisors
**Department:**            Board of Supervisors
**Presentation:**          No A/V Presentation              **Recommendation:**
**Document Signatures:**                                    **# of ORIGINALS**
                                                           **Submitted for Signature:**
**NAME**                   Lisa M. Marra                   **TITLE**            **Elections**
**of PRESENTER:**                                          **of PRESENTER:**    **Director**
**Mandated Function?:**                                    **Source of Mandate**
                                                           **or Basis for Support?:**

---

## Information

**Agenda Item Text:**
[Item tabled from the November 18, 2022 Special Meeting] Accept the elections results certified and submitted by the Cochise County Elections Department as the official canvass for the General Election held on November 8, 2022.

**Background:**
As set forth in Arizona Revised Statutes the Board of Supervisors shall meet to accept the canvass.

**Department's Next Steps (if approved):**
Submit official canvassed results of the General Election to the Secretary of State.

**Impact of NOT Approving/Alternatives:**
Cochise County will not be in compliance with State Statute for certifying election results.

**To BOS Staff: Document Disposition/Follow-Up:**

Send copy of approved minutes to Elections Department.

---

## Budget Information
*Information about available funds*

|                  | Funds Available:      | Amount Available: |
|------------------|-----------------------|-------------------|
| **Budgeted:**    | **Funds Available:**  | **Amount Available:** |
| **Unbudgeted:**  | **Funds NOT Available:** | **Amendment:**  |

**Account Code(s) for Available Funds 1:**

## Fund Transfers
## Attachments

Director Report
General Election Canvass Documents

Agenda - View Meetings

Arizona Secretary of State Material

---

| GO TO PREVIOUS PAGE | GO TO THE TOP OF THE PAGE |

W3C  WAI-AA
     WCAG 2.0

AgendaQuick ©2005 - 2022 Destiny Software Inc. All Rights Reserved.

# EXHIBIT I

# Special Board of Supervisors Meeting - 4:00 pm

Print        Reading Mode

Return to the Search Page        Return to the Agenda

Action   1.

## Board of Supervisors

| | | | | |
|---|---|---|---|---|
| **Meeting Date:** | 11/18/2022 | | | |
| **Elections Department official canvass for the 2022 General Election** | | | | |
| **Submitted By:** | Tim Mattix, Board of Supervisors | | | |
| **Department:** | Board of Supervisors | | | |
| **Presentation:** | No A/V Presentation | **Recommendation:** | | |
| **Document Signatures:** | | **# of ORIGINALS Submitted for Signature:** | | |
| **NAME of PRESENTER:** | Lisa M. Marra | **TITLE of PRESENTER:** | Elections Director | |
| **Mandated Function?:** | | **Source of Mandate or Basis for Support?:** | | |

---

### Information

**Agenda Item Text:**
Accept the elections results certified and submitted by the Cochise County Elections Department as the official canvass for the General Election held on November 8, 2022.

**Background:**
As set forth in Arizona Revised Statutes the Board of Supervisors shall meet to accept the canvass.

**Department's Next Steps (if approved):**
Submit official canvassed results of the General Election to the Secretary of State.

**Impact of NOT Approving/Alternatives:**
Cochise County will not be in compliance with State Statute for certifying election results.

**To BOS Staff: Document Disposition/Follow-Up:**

Send copy of approved minutes to Elections Department.

---

### Budget Information
*Information about available funds*

| | | |
|---|---|---|
| **Budgeted:** | **Funds Available:** | **Amount Available:** |
| **Unbudgeted:** | **Funds NOT Available:** | **Amendment:** |

**Account Code(s) for Available Funds 1:**

### Fund Transfers
### Attachments

General Election Canvass Documents

---

GO TO PREVIOUS PAGE        GO TO THE TOP OF THE PAGE

Agenda - View Meetings

W3C    WAI-AA
       WCAG 2.0

AgendaQuick ©2005 - 2022 Destiny Software Inc. All Rights Reserved.

FILED

2022 NOV 28  PM 4:00

CLERK SUPERIOR COURT

1  Roy Herrera (032907)
2  roy@ha-firm.com
   Daniel A. Arellano (032304)
3  daniel@ha-firm.com
   Jillian L. Andrews (034611)
4  jillian@ha-firm.com
   Jane W. Ahern (034865)
5  jane@ha-firm.com
6  Austin T. Marshall (036582)
   austin@ha-firm.com
7  HERRERA ARELLANO LLP
8  1001 North Central Avenue, Suite 404
   Phoenix, AZ 85004
9  Telephone: (602) 567-4820

10
   Aria C. Branch* (DC Bar #1014541)
11 abranch@elias.law
   Lalitha D. Madduri* (DC Bar #1659412)
12 lmadduri@elias.law
   Christina Ford* (DC Bar #1655542)
13 cford@elias.law
   Mollie DiBrell* (DC Bar #90002189)
14 mdibrell@elias.law
15 Daniel Cohen* (DC Bar #90001911)
   dcohen@elias.law
16 ELIAS LAW GROUP LLP
17 10 G St. NE, Suite 600
   Washington, D.C. 20002
18 Telephone: (202) 968-4490
19 Facsimile: (202) 968-4498

20
   *Attorneys for Plaintiffs*
21 *Arizona Alliance for Retired Americans, Inc.*
   *and Stephani Stephenson*
22

23         IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA
24            IN AND FOR THE COUNTY OF COCHISE

25 ARIZONA ALLIANCE FOR RETIRED          No. **CV 2022 00552**
   AMERICANS, INC., and STEPHANI
26 STEPHENSON,
                                         **PETITION FOR WRIT OF**
27              Plaintiffs,              **MANDAMUS**

                                         **(Expedited relief requested)**
28

1

2    v.

TOM CROSBY, ANN ENGLISH, and
3  PEGGY JUDD, in their official capacities
as the Cochise County Board of
4  Supervisors,

5          Defendants.

6

7        Pursuant to Rule 4(c) of the Arizona Rules of Procedure for Special Actions,

8  Plaintiffs hereby petition this Court for a writ of mandamus to compel Defendants to

9  canvass the results of the 2022 general election as required by A.R.S. § 16-642. This request

10  is supported by the following Memorandum of Points and Authorities.

11          **MEMORANDUM OF POINTS AND AUTHORITIES**

12                    **INTRODUCTION**

13        Today, November 28, 2022, on the last day for counties to canvass election results

14  for the 2022 general election pursuant to A.R.S. § 16-642(A), the Cochise County Board of

15  Supervisors (the "Board") unlawfully refused to do so. The Board's decision was

16  unjustifiable, based on entirely unsubstantiated, vague allegations that the county's

17  electronic voting machines could not be trusted. But canvassing election results by a date

18  certain is the Board's mandatory legal duty under Arizona law, and the Board does not have

19  discretion to refuse. *See* A.R.S. § 16-642. As the Arizona Supreme Court has previously

20  found, "if the board neglects or refuses to perform its plain duty [to canvass the election],

21  mandamus would issue to compel it to do so." *Hunt v. Campbell*, 19 Ariz. 254, 278-79

22  (1917) (cleaned up). The timely canvassing of election results is essential to ensure the

23  accuracy and finality of Arizona's statewide elections, many of which will be decided by

24  narrow margins and some of which are subject to automatic recounts. The Board's inaction

25  thus threatens to harm not only Cochise County voters, whose votes may be excluded from

26  the statewide returns if the Board does not canvass the County's election results, but every

27  voter in Arizona.

28

1    Plaintiffs the Arizona Alliance for Retired Americans, Inc. (the "Alliance"), on its

2    own behalf and on behalf of its members who are Arizona residents and voters, and Cochise

3    County voter Stephani Stephenson, have a significant interest in ensuring that the Board

4    performs its non-discretionary legal duties in compliance with state election law to canvass

5    election results as required by Arizona law. If the Board is allowed to refuse to canvass the

6    election, Ms. Stephenson and the Alliance's Cochise County members will be

7    disenfranchised. The Court should therefore issue a writ of mandamus and order Defendants

8    to immediately canvass Cochise County's election results in accordance with Arizona law

9    no later than December 1, 2022.

10    **BACKGROUND**

11    **I.    The Board's refusal to canvass the election results is the latest in a series of
         unlawful decisions this cycle threatening the right to vote and the integrity of
12       Arizona's elections.**

13    In recent years, and particularly after the 2020 presidential election, a small but vocal

14    group of individuals and organizations have insisted, without any evidence, that electronic

15    voting systems are unreliable. But as the Secretary of State has explained, "Arizona has

16    rigorous standards in place to ensure that electronic voting systems used in our elections are

17    secure and accurate, including federal and state certification requirements [and] pre- and

18    post-election logic and accuracy testing[.]" Compl. Ex. A at 1. The Board has no evidence

19    to the contrary. And the Secretary of State has even provided to the Board the certification

20    and accreditation information for the machines used in Cochise County during the 2022

21    general election. Compl. Ex. B. Nevertheless, some voters in Cochise County continue to

22    challenge the County's use of electronic voting machines and have advocated that the

23    County should not rely on them—despite there being no credible evidence to support their

24    contention of their unreliability.

25    Unfortunately, the majority of the Board has submitted to these falsehoods, resulting

26    in a series of decisions that have threatened the voting rights, first, of Cochise County voters,

27    and now, of all Arizonans. First, on October 24, 2022, the Board decided to authorize an

28    unlawful full hand count audit of ballots cast in the 2022 general election, against the legal

1    advice of the Secretary of State and the Cochise County Attorney.[1] On October 31, the

2    Alliance and Cochise County voter Ms. Stephenson, also Plaintiffs to this litigation, filed

3    suit to ensure that any hand count audit conducted by the County would be in compliance

4    with Arizona law, which authorizes only limited hand count audits. *See* A.R.S. § 16-602.

5    Defendants Crosby, Judd, and English were also defendants in that suit.

6          After conducting a full day evidentiary hearing, the Honorable Casey McGinley

7    granted Plaintiffs' requested relief and ordered the defendants to conduct a hand count audit

8    in strict compliance with Arizona law. *All. For Ret. Ams. v. Crosby*, No. CV202200518,

9    November 7, 2022 Order (Ariz. Sup. 2022). The Court found that a 100% hand recount is

10   not permitted under Arizona law, that detailed statutory procedures require that ballots be

11   randomly selected for the audit, and that audits of escalating increments of ballots are only

12   legally authorized if the difference between the hand count and the machine tabulation

13   meets or exceeds a certain margin of error. *Id.* at 7-10. While some defendants to that

14   litigation, including the Board, appealed the Court's order, the Arizona Court of Appeals

15   denied their motion for an expedited appeal, and the Arizona Supreme Court denied their

16   motion to transfer the action. *See* Order at 1, *All. For Ret. Ams. v. Crosby,* No. 2 CA-CV

17   2022-0136 (Ariz. Ct. App. Nov. 10, 2022); Order at 1-2, *All. For Ret. Ams. v. Crosby,* No.

18   T-22-0008-CV (Ariz. Nov. 10, 2022).

19         Cochise County Elections Director Marra proceeded to conduct the County's hand

20   count audit in strict compliance with Arizona law. That limited hand count audit found *no*

21   *discrepancy* between the electronic voting machine results and the result of the limited hand

22   count. *See* Compl. Ex. C. Despite this, the Board continued with unlawful plans to conduct

23   a separate, significantly expanded hand count audit, noticing a meeting three days after the

24   Court issued its order, in which the Board intended to vote to conduct a hand count audit of

25   99.9% of ballots cast in Cochise County. *See* Compl. Ex. D.

26   _____

27   [1] *See* Cochise County, Video Recording of October 24, 2022 Special Meeting Hand Count
     of Ballots, available at:
28   https://www.youtube.com/watch?v=170xHmbhnJI&feature=youtu.be (last visited Oct. 31,
     2022).

-4-

1    When plaintiffs in the hand count audit litigation threatened to move to hold the
2    Board in contempt if they proceeded to authorize a 99.9% hand count, the Board cancelled
3    the meeting. The Board then filed its own suit against Elections Director Marra, seeking a
4    court order to force her to conduct the expanded hand count audit that the Court had
5    previously ordered her not to conduct. *See Tom Crosby et al. v. Lisa Marra*, No.
6    CV202200533 (Ariz. Sup. 2022). However, just two days after filing, the Board withdrew
7    its Petition.

8    This new suit now follows from yet another lawless action by the Board, discussed
9    below.

10   **II.    The Board has refused to certify Cochise County's election results for the 2022
     general election by the mandatory deadline of November 28, 2022.**

11   On November 18, ten days before the final deadline to do so, the Board met, as
12   required by law, to "[a]ccept the elections results certified and submitted by the Cochise
13   County Elections Department as the official canvass for the General Election held on
14   November 8, 2022." Compl. Ex. E. The Board's own meeting notice acknowledged that the
15   Board "will not be in compliance with State Statute for certifying election results" if it failed
16   to canvass the election results. Compl. Exs. H, I.

17   At that meeting, the Board heard extensive comments from the public. Many urged
18   the Board to timely canvass the election results as required by law, while some continued
19   to advocate against canvassing the results, citing their mistrust in the voting machines. The
20   Secretary of State's Election Director, Kori Lorick, was present and addressed these
21   concerns at the meeting, assuring the Board and the public that Cochise's electronic voting
22   machines had been and remained "properly certified under both federal and state laws and
23   requirements."[2]

24   The process for certifying Arizona's voting machines is rigorous, intensive, and
25   trustworthy. Under state law, every election cycle, Arizona's election equipment undergoes
26

27   ───────────────
     [2] Video Recording of Nov. 18, 2022, Special Meeting at 1:57:30-1:57:46, available at
28   https://www.youtube.com/watch?v=RvAxd054xoM.

1    thorough testing by independent, neutral experts, *see* A.R.S. § 16-442(A), (B), as well as

2    four independent audits, two before the election, and two after. The pre-election audits

3    include (1) a logic and accuracy test performed by the Secretary of State on a sample of the

4    tabulation equipment, *see* A.R.S. § 16-449(A), (B); and (2) a logic and accuracy test

5    performed by the counties on all tabulation equipment, *see* 2019 Arizona Elections

6    Procedures Manual ("EPM") at 86.[3] The post-election audits include (3) a limited hand

7    count of a small percentage of ballots overseen by both county election officials and

8    representatives of the political parties, *see* A.R.S. § 16-602(B), (F), and; (4) post-election

9    logic and accuracy testing of tabulation equipment performed by the counties, *see* EPM at

10   235. This extensive testing process is designed specifically to ensure the accuracy of the

11   electronic voting machines. The accuracy of the voting machines was further corroborated

12   this cycle in Cochise County specifically, when County Elections Director Marra completed

13   the limited hand count audit as required under A.R.S. § 16-602 and did not find any

14   discrepancy between the electronic voting machine results and the result of the limited hand

15   count. *See* Compl. Ex. C.

16        Despite the extensive evidence that the machines are trustworthy—and *no* evidence

17   that they are not—a majority of the Board voted on party lines at the culmination of the

18   November 18 meeting to delay canvassing the election results, until "such evidence about

19   lawful certification by an accredited laboratory is presented and confirmed by persons with

20   expertise in that field."[4] The Board did not cite any other reason for the delay. It then

21   rescheduled its canvass meeting for November 28, the very last date for counties to canvass

22   results and still be in compliance with Arizona law. Compl. Ex. G.

23

24   _____

[3] The Secretary of State promulgated the operative Election Procedures Manual in 2019.

25   The Manual has the force of law. *See* A.R.S. § 16-452; *Ariz. Pub. Integrity All. v. Fontes*,
     250 Ariz. 58, 63 ¶ 16 (2020) ("Once adopted, the EPM has the force of law; any violation

26   of an EPM rule is punishable as a class two misdemeanor."). The EPM is available at:
     https://azsos.gov/sites/default/files/2019_ELECTIONS_PROCEDURES_MANUAL_APP

27   ROVED.pdf.
     [4] Video Recording of Nov. 18, 2022, Special Meeting at 2:15:28-2:15:51, available at

28   https://www.youtube.com/watch?v=RvAxd054xoM.

1        On November 21, State Election Director Lorick sent a letter to the Board,

2    emphasizing that it has a *mandatory duty* to canvass election results by November 28.

3    Compl. Ex. B. The letter made clear that the Secretary would take legal action if the Board

4    failed to perform their duty under law. *Id.* The following day, Plaintiffs to this litigation

5    sent a similar letter to the Board. Compl. Ex. F. The letter emphasized that there is no

6    legitimate basis for delaying the canvass, and advised that Plaintiffs, too, intended to take

7    legal action if the Board failed to canvass the election results on November 28. *Id.*

8        On November 28, the last day to canvass, the Board refused to canvass the 2022

9    general election results.

10                        **LEGAL STANDARD**

11        "A writ of mandamus allows a 'party beneficially interested' in an action to compel

12    a public official to perform an act imposed by law." *Ariz. Pub. Integrity All.*, 250 Ariz. at

13    62 ¶ 11. While the Board's refusal to canvass election returns will harm Plaintiffs and all

14    voters, where Plaintiffs have shown that a public official has acted unlawfully and outside

15    the scope of their authority, they need not show irreparable harm or that the balance of harm

16    weighs in their favor. *Id.* at 64 ¶ 26; *see also Burton v. Celentano*, 134 Ariz. 594, 596 (App.

17    1982) (explaining mandamus standard).

18                        **ARGUMENT**

19    **I.**   **This Court should grant a writ of mandamus compelling Defendants to canvass the election in accordance with Arizona law.**

20        **a. Plaintiffs have standing to seek a writ of mandamus.**

21        Courts apply a particularly "relaxed standard for standing in mandamus actions." *Id.*

22    at 62 ¶ 11. "The phrase 'party beneficially interested' is 'applied liberally to promote the

23    ends of justice.'" *Id.* (quoting *Barry v. Phx. Union High Sch.*, 67 Ariz. 384, 387 (1948)).

24    Under A.R.S. § 12-2021, a writ of mandamus allows a "party beneficially interested in an

25    action to compel a public official to perform an act imposed by law" (quotation

26    omitted). The mandamus statute "reflects the Legislature's desire to broadly afford standing

27    to members of the public to bring lawsuits to compel officials to perform their public

28

-7-

1  duties." *Ariz. Pub. Integrity All.*, 250 Ariz. at 62 ¶ 11 (citing *Ariz. Dep't of Water Res. v.*

2  *McClennen*, 238 Ariz. 371, 377 ¶ 32 (2015)).

3       The Alliance, which has over 1,200 members in Cochise County, and Ms.

4  Stephenson, a Cochise County voter, have standing to pursue their mandamus action for the

5  same reasons that Arizona voters and citizens had standing to pursue their mandamus action

6  concerning unlawful voting procedures in *Arizona Public Integrity Alliance*, 250 Ariz. 58

7  (2020). In that case, the Arizona Supreme Court held that both plaintiffs had standing

8  because "as *Arizona citizens and voters*, seek[ing] to compel the Recorder to perform his

9  *non-discretionary duty* to provide ballot instructions that comply with Arizona law . . . they

10  have shown a sufficient beneficial interest to establish standing." *Id.* at 62 ¶ 12 (emphases

11  added). The same is true here: the Plaintiffs have a sufficient beneficial interest in ensuring

12  Defendants conduct the general election and canvass ballots in accordance with Arizona

13  law, to ensure their and their members' votes will be included in the statewide returns.

14  Indeed, should the County ultimately fail to complete the canvass, Ms. Stephenson and the

15  Alliance's Cochise County members may have their votes discarded and excluded from the

16  statewide canvass. Accordingly, since Plaintiffs are "beneficially interested" in the Board

17  canvassing the 2022 general election results, Plaintiffs can sue under A.R.S. § 12-2021 to

18  compel the Board to perform their non-discretionary duty to do so. *Ariz. Pub. Integrity All.*,

19  250 Ariz. at 62 ¶ 11.

20       **b. Defendants have a non-discretionary duty to canvass the election**
21            **results.**

22       A writ of mandamus is appropriate where a public official has a non-discretionary

23  duty and fails to act in accordance with the law. *See Stagecoach Trails MHC, L.L.C. v. City*

24  *of Benson*, 231 Ariz. 366, 370 ¶ 19 (2013). Here, the Board has a mandatory, non-

25  discretionary legal duty to canvass and certify the election under Arizona law, and has failed

26  to do so by the statutory deadline, which this year falls on November 28, 2022.

27       Arizona law requires that each county board of supervisors "***shall meet and canvass***

28  the election not less than six days nor more than twenty days following the election." A.R.S.

-8-

1  § 16-642(A) (emphasis added). Accordingly, each county board of supervisors—including

2  in Cochise County—must complete their canvass by no later than November 28 for the

3  November 8 general election. *Id.* Once the canvass is complete, the county boards of

4  supervisors "must transmit their canvasses to the Secretary of State," *id* at 243, who is

5  required to conduct the statewide canvass on December 5, 2022. A.R.S. § 16-648(a).

6        If the Secretary has not received the official canvass from any county by that date,

7  the canvass shall be postponed day-to-day until canvasses from all counties are received,

8  but only until 30 days after the election, which is December 8, 2022. *Id.* § 16-648(c). If a

9  county has not certified its results by December 8, 2022, its votes may not be included in

10 the statewide canvass. *See id.* § 16-648; EPM at 243 ("The Secretary of State has a non-

11 discretionary duty to canvass the returns as provided by the counties and has no authority

12 to change vote totals or reject the election results."); Compl. Ex. D at 2. If a county fails to

13 conduct the statutorily mandated canvass, there is a serious risk that the votes of the

14 offending county's citizens will not be included in the State's canvass, disenfranchising that

15 county's residents.

16       The canvass is a purely ministerial act that follows tabulation of votes and various

17 audits that ensure the accuracy and integrity of the election. *See, e.g.,* A.R.S. § 16-602

18 (requiring limited hand count audit of ballots); *see also* EPM at 239 ("A canvass . . . should

19 not be conducted until all necessary audits have been completed to verify the accuracy and

20 integrity of election results."). The purpose of the county canvass is to officially certify the

21 election. *See* EPM at 239.

22       And the Board's duties related to the canvass are ministerial and mandatory, not

23 discretionary, as reflected by the plain statutory text: the Board "shall" canvass the county's

24 election results, A.R.S. § 16-642(A); *see* EPM 239-40 (Board "***must canvass*** the election

25 by the required deadline," or 20 days after the general election); *id.* at 243 ("All counties

26 ***must transmit their canvasses*** to the Secretary of State.") (Emphases added). The EPM

27 echoes this mandatory language, emphasizing that: "The Board of Supervisors ***has a non-***

28 ***discretionary duty to canvass the returns*** as provided by the County Recorder or other

1    officer in charge of elections and ***has no authority to change vote totals or reject the***

2    ***election results***." *Id.* at 240 (emphasis added).

3          As Arizona courts have consistently stressed, Defendants have only those powers

4    "expressly conferred by statute" and "may exercise no powers except those specifically

5    granted by statute and in the manner fixed by statute." *Hancock v. McCarroll*, 188 Ariz.

6    492, 498 (App. 1996) (quotation omitted); *see Ariz. Pub. Integrity All.*, 250 Ariz. at 62 ¶ 14

7    (Defendants' powers "[are] limited to those powers expressly or impliedly delegated to

8    [them] by the state constitution or statutes."); *see also* Ariz. Const. art. 12, § 4 (stating that

9    "[t]he duties, powers, and qualifications" of county officers "shall be as prescribed by law").

10         The law permits the Board to delay the canvass under only one circumstance, which

11   is "if the results from any precinct are missing." *Id.* (citing A.R.S. § 16-642(C)). That

12   provision is inapplicable here because the Board was provided with the complete election

13   results at its November 18, 2022, meeting. Thus, there is no lawful basis for the Board to

14   refuse to complete the canvass, and the Court should order them to do so.

15                   **c.   The Court should grant a writ of mandamus to protect Cochise County**
                     **voters.**

16         Courts may issue a writ of mandamus to any "person [or] corporation . . . on the

17   verified complaint of the party beneficially interested, to compel, when there is not a plain,

18   adequate and speedy remedy at law, performance of an act which the law specially imposes

19   as a duty resulting from an office . . . ." A.R.S. § 12-2021. As discussed *supra* pp. 7-8,

20   Plaintiffs are beneficially interested in this action because they are Arizona citizens and

21   voters of Cochise County, and if Defendants fail to comply with their non-discretionary

22   legal duty to canvass and certify the county's election results as prescribed by Arizona law,

23   Plaintiffs may have their votes discarded and excluded from the statewide canvass. In such

24   actions, courts "may direct, order, or prohibit specified action by the defendant" as

25   judgment. Arizona Rules of Procedure for Special Actions, Rule 6.

26         By failing to certify Cochise County's 2022 general election results, the Board failed

27   to complete its non-discretionary, mandatory legal duties. Faced with a similar issue, the

28

1  Arizona Supreme Court has previously explained that where election returns have been

2  received "if the board neglects or refuses to perform its plain duty [to canvass the election],

3  mandamus would issue to compel it to do so." *Hunt v. Campbell*, 19 Ariz. 254, 278-79

4  (1917) (cleaned up).

5      As the Arizona Supreme Court has explained, "[e]lection laws play an important role

6  in protecting the integrity of the electoral process," and "public officials should, by their

7  words and actions, seek to preserve and protect those laws." *Ariz. Pub. Integrity All.*, 250

8  Ariz. at 61 ¶ 4 (citations omitted). Defendants cannot simply ignore Arizona election law

9  "based on their own perceptions of what they think [the law] *should* be." *Id.* The Court

10  should therefore order Defendants to immediately canvass and certify Cochise County's

11  2022 general election results in accordance with A.R.S. § 16-462 and the EPM by no later

12  than December 1, 2022.

13                                    **CONCLUSION**

14      For the foregoing reasons, Plaintiffs' Petition for a Writ of Mandamus should be

15  GRANTED.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3      Dated:  November 28, 2022

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: _____

Roy Herrera (032907)
roy@ha-firm.com
Daniel A. Arellano (032304)
daniel@ha-firm.com
Jillian L. Andrews (034611)
jillian@ha-firm.com
Jane W. Ahern (034865)
jane@ha-firm.com
Austin T. Marshall (036582)
austin@ha-firm.com
HERRERA ARELLANO LLP
1001 North Central Avenue, Suite 404
Phoenix, AZ 85004
Telephone: (602) 567-4820

Aria C. Branch* (DC Bar #1014541)
abranch@elias.law
Lalitha D. Madduri* (DC Bar #1659412)
lmadduri@elias.law
Christina Ford* (DC Bar #1655542)
cford@elias.law
Mollie DiBrell* (DC Bar #90002189)
mdibrell@elias.law
Daniel Cohen* (DC Bar #90001911)
dcohen@elias.law
ELIAS LAW GROUP LLP
10 G St. NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490
Facsimile: (202) 968-4498

* *Pro Hac Vice* Motion forthcoming

*Attorneys for Plaintiffs*
*Arizona Alliance for Retired Americans,*
*Inc. and Stephani Stephenson*

Roy Herrera (032907)
roy@ha-firm.com
Daniel A. Arellano (032304)
daniel@ha-firm.com
Jillian L. Andrews (034611)
jillian@ha-firm.com
Jane W. Ahern (034865)
jane@ha-firm.com
Austin T. Marshall (036582)
austin@ha-firm.com
HERRERA ARELLANO LLP
1001 North Central Avenue, Suite 404
Phoenix, AZ 85004
Telephone: (602) 567-4820

Aria C. Branch** (DC Bar #1014541)
abranch@elias.law
Lalitha D. Madduri* (DC Bar #1659412)
lmadduri@elias.law
Christina Ford** (DC Bar #1655542)
cford@elias.law
Mollie DiBrell** (DC Bar #90002189)
mdibrell@elias.law
Daniel Cohen** (DC Bar #90001911)
dcohen@elias.law
ELIAS LAW GROUP LLP
10 G St. NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490
Facsimile: (202) 968-4498

* *Pro Hac Vice* Motion pending
** Pro Hac Vice Motion forthcoming

*Attorneys for Plaintiffs*
*Arizona Alliance for Retired Americans,*
*Inc. and Stephani Stephenson*

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF COCHISE

| ARIZONA ALLIANCE FOR RETIRED AMERICANS, INC. and STEPHANI STEPHENSON, | No.CV202200552 |
| --- | --- |

| | | |
|---|---|---|
| 1 | Plaintiffs, | **MOTION TO ASSOCIATE COUNSEL** |
| 2 | v. | |
| 3 | TOM CROSBY, ANN ENGLISH, and | |
| 4 | PEGGY JUDD, in their official capacities as the Cochise County Board of Supervisors, | |
| 5 | Defendants. | |
| 6 | | |

7     Jillian Andrews, of Herrera Arellano LLP, pursuant to Rule 39, Ariz. R. Sup. Ct.,

8 moves the Court to associate Lalitha D. Madduri of Elias Law Group LLP, as counsel Pro

9 Hac Vice in this action on a temporary basis pending approval of her application from the

10 State Bar of Arizona. In support of this Motion and pursuant to Rule 39(a)(2)(E), the

11 following documents that—along with the required fee—were submitted to the State Bar

12 are attached:

13     1.    Verified Application to Appear Pro Hac Vice; and

14     2.    Certificates of Good Standing

15     Jillian Andrews hereby agrees to serve as local counsel in this matter and accepts the

16 responsibilities detailed in Rule 39(a), Ariz. R. Sup. Ct.

17     RESPECTFULLY SUBMITTED this 28th day of November, 2022.

18             By: */s/ Jillian L. Andrews*

19                 Roy Herrera (032907)
                     roy@ha-firm.com

20                 Daniel A. Arellano (032304)
                     daniel@ha-firm.com

21                 Jillian L. Andrews (034611)
                     jillian@ha-firm.com

22                 Jane W. Ahern (034865)
                     jane@ha-firm.com

23                 Austin T. Marshall (036582)
                     austin@ha-firm.com

24                 HERRERA ARELLANO LLP
                1001 North Central Avenue, Suite 404

25                 Phoenix, AZ 85004
                Telephone: (602) 567-4820

26

27                 Aria C. Branch** (DC Bar #1014541)
                     abranch@elias.law

28                 Lalitha D. Madduri* (DC Bar #1659412)
                     lmadduri@elias.law

Christina Ford** (DC Bar #1655542)
cford@elias.law
Mollie DiBrell** (DC Bar #90002189)
mdibrell@elias.law
Daniel Cohen** (DC Bar #90001911)
dcohen@elias.law
ELIAS LAW GROUP LLP
10 G St. NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490
Facsimile: (202) 968-4498

\* *Pro Hac Vice* Motion pending

\*\**Pro Hac Vice* Motion forthcoming

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of November, 2022, I electronically

transmitted a PDF version of this document to the Office of the Clerk of the Superior

Court, Cochise County, for filing using the AZTurboCourt System. I further certify that a

copy of the foregoing was personally served upon:

Tom Crosby
Ann English
Peggy Judd
tcrosby@cochise.az.gov
aenglish@cochise.az.gov
pjudd@cochise.az.gov

*/s/ Jillian L. Andrews*

-4-



**STATE BAR**
**OF ARIZONA**

Attn: Pro Hac Vice Dept
P.O. Box 842699
Los Angeles, CA 90084-2699
Phone: 602-340-7239

For Official Use Only
App#_____
Bar Number#_____

Overnight or Hand Delivery:
4201 N. 24th St., Ste 100
Phoenix, AZ 85016-6266

## Application for Appearance Pro Hac Vice

**PART I: Applicant Information**

Name of Applicant: Lalitha D. Madduri

Firm/Company Name: Elias Law Group LLP

Office Address: 10 G Street NE, Suite 600, Washington, DC 20002

Telephone: (202) 968-4593        Fax: (202) 968-4498        Email Address: lmadduri@elias.law

Residence Address: ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

Title of cause or case where applicant seeks to appear: Arizona Alliance for Retired Americans, Inc. et al. v. Tom Crosby et al.

Docket Number: CV202200552

Court, Board, or Administrative Agency: Cochise County Superior Court

Party on whose behalf applicant seeks to appear: Arizona Alliance for Retired Americans, Inc. and Stephani Stephenson

**Pursuant to Arizona Supreme Court Rule 39(a)(2), the applicant shall complete the information below:**

| Courts to Which Applicant Has Been Admitted:<br>(Attach additional pages if necessary) | Date of Admission: | Bar Number: |
|---|---|---|
| See attached. | | |
| | | |
| | | |
| | | |

☑ Applicant is a member in good standing in such courts.

☑ Applicant is not currently disbarred or suspended in any court.

Applicant ☐ is / ☑ is not **(select one)** currently subject to any pending disciplinary proceeding or investigation by any court, agency or organization authorized to discipline attorneys at law. If yes, specify the jurisdiction, nature of investigation and contact information of the disciplinary authority investigating on an additional page.

In the preceding three (3) years, applicant has filed applications to appear as counsel under Ariz. R. Sup. Ct., Rule 39(a) in the following:

| Title of Matter: | Docket #: | Court or Agency: | App Granted? (Y/N) |
|---|---|---|---|
| Arizona Alliance for Retired Americans, Inc. et al. v. Tom Crosby et al. | CV202200518 | Cochise County Superior Court | Y |
| | | | |
| | | | |

This case or cause ☐ is / ☑ is not **(select one)** a related or consolidated matter for which applicant has previously applied to appear pro hac vice in Arizona. If this matter is a related or consolidated with any previous application. Applicant certifies that he/she will review and comply with appropriate rules of procedure as required in the underlying cause.
If applicable, please provide related or consolidated matter application or docket#_____

Revised 05/01/20

Page 2

**PART II: Local Counsel Information**

Name of Arizona Local Counsel: Jillian Andrews

State Bar of Arizona Number: 034611

Address: 1001 North Central Avenue, Suite 404, Phoenix, AZ 85004

Telephone: (602) 567-4820          Fax:                    Email Address: jillian@ha-firm.com

☑ Local Counsel is a member in good standing.

☑ Local Counsel associating with a nonresident attorney in a particular cause shall accept joint responsibility with the nonresident attorney to the client, to opposing parties and counsel, and to court, board, or administrative agency in that particular cause.

**PART III: Parties and Certification**
Name(s) of each party in this cause and name and address of all counsel of record:

| Party: | Counsel of Record: | Address: |
|--------|-------------------|----------|
| See attached. | | |
| | | |
| | | |
| | | |

☑ Applicant is including with this application a nonrefundable application fee, payable to the State Bar of Arizona, in the amount of $505.00. Fifteen percent of the non-refundable application fee paid pursuant to this section shall be deposited into a civil legal services fund to be distributed by the Arizona Foundation for Legal Services and Education entirely to approved legal services organizations, as that term is defined in subparagraph (2)(c) of this rule.

☑ Applicant is furnishing a certificate from the state bar or from the clerk of the highest admitting court of each state, territory, or insular possession of the United States in which the nonresident attorney has been admitted to practice law certifying the nonresident attorney's date of admission to such jurisdiction and the current status of the nonresident attorney's membership or eligibility to practice therein. The certificate furnished shall be no more than forty-five (45) days old.

Applicant certifies the following:
1. Applicant shall be subject to the jurisdiction of the courts and agencies of the State of Arizona and to the State Bar of Arizona with respect to the law of this state governing the conduct of attorneys to the same extent as an active member of the State Bar of Arizona, as provided in Ariz. R. Sup. Ct. Rule 46(b).
2. Applicant will review and comply with appropriate rules of procedure as required in the underlying cause.
3. Applicant understands and shall comply with the standards of conduct required of members of the State Bar of Arizona.

## Verification

STATE OF _____ )

County of _____ ) ss.

I, _____, swear that all statements in the application are true, correct and complete to the best of my knowledge and belief.

Dated:_____    Applicant's Signature:_____

SUBSCRIBED AND SWORN TO before me this _____ day of_____, 20_____, by

_____.

Name of Applicant

_____
Notary Public

Revised 10/28/20

# COVID-19 Temporary Verification

This Form is intended to be a required supplement to State Bar of Arizona applications and certifications during the period of pandemic health advisories and the related emergency orders of the federal government, the Governor of Arizona, and the Supreme Court of Arizona. This unsworn declaration, under penalty of perjury, is to be submitted in lieu of a notarized verification pursuant to Arizona Rules of Civil Procedure, Rule 80(c).

State of ___District of Columbia___ )

County of ___**Washington**___ ) ss.

I, ___**Lalitha D. Madduri**___, a member of the State Bar of ___District of Columbia___, submit this unsworn verification in support of my:

☐ Resignation of Membership

☒ Application for Appearance *Pro Hac Vice*

☐ Application for In-House Counsel certification

☐ Application for transfer to Inactive / Retired status

☐ Application for Reinstatement after Summary Suspension by the Board of Governors

I hereby declare and verify, under the penalty of perjury, that the foregoing information and that on the applicable application form is true and correct.

Dated: ___11/20/22___

_____
Attorney signature

## List of Parties in Arizona Cochise County
## Superior Court Case No. CV202200552

**Plaintiffs:** Arizona Alliance for Retired Americans, Inc. and Stephani Stephenson
**Counsel of Record:** Daniel A. Arellano, Roy Herrera, Jillian L. Andrews, Austin T. Marshall, Jane Ahern
**Address of Counsel:**
Herrera Arellano LLP
1001 North Central Avenue, Suite 404
Phoenix, AZ 85004

**Plaintiffs:** Arizona Alliance for Retired Americans, Inc. and Stephani Stephenson
**Counsel of Record:** Aria C. Branch, Lalitha D. Madduri, Christina Ford, Mollie DiBrell, Daniel Cohen
**Address of Counsel:**
Elias Law Group LLP
10 G Street NE, Suite 600
Washington, DC 20002

**Defendants:** Tom Crosby, Ann English, and Peggy Judd
**Counsel of Record:** N/A
**Address of Counsel**: N/A

| Court | Date of Admission | Bar Number |
|---|---|---|
| California | 12/02/2014 | 301236 |
| Washington DC | 08/10/2020 | 1659412 |
| Supreme Court of the United States | 03/01/2021 | 314160 |
| U.S. Court of Appeals for the Third Circuit | 11/24/2020 | |
| U.S. Court of Appeals for the Fourth Circuit | 10/13/2020 | |
| U.S. Court of Appeals for the Fifth Circuit | 10/14/2020 | |
| U.S. Court of Appeals for the Eleventh Circuit | 04/17/2019 | |
| U.S. District Court for the Central District of California | 12/02/2014 | |
| U.S. District Court for the District of Columbia | 02/01/2021 | 1659412 |



## Supreme Court of California

JORGE E. NAVARRETE
*Clerk and Executive Officer of the Supreme Court*

## CERTIFICATE OF THE CLERK OF THE SUPREME COURT

### OF THE

### STATE OF CALIFORNIA

### *LALITHA D. MADDURI*

I, JORGE E. NAVARRETE, Clerk/Executive Officer of the Supreme Court of the State of California, do hereby certify that, LALITHA D. MADDURI #301236 was on the 2nd day of December, 2014 duly admitted to practice as an attorney and counselor at law in all the courts of this state, and is now listed on the Roll of Attorneys as a member of the bar of this state in good standing.

Witness my hand and the seal of the court
on the 24th day of October 2022.

JORGE E. NAVARRETE
*Clerk/Executive Officer of the Supreme Court*

By:_____
   *LaNae Brooks, Senior Deputy Clerk*



On behalf of JULIO A. CASTILLO, Clerk of the District of Columbia Court of Appeals, the District of Columbia Bar does hereby certify that

## Lalitha Madduri

was duly qualified and admitted on August 10, 2020 as an attorney and counselor entitled to practice before this Court; and is, on the date indicated below, an Active member in good standing of this Bar.

*In Testimony Whereof,*
*I have hereunto subscribed my*
*name and affixed the seal of this*
*Court at the City of*
*Washington, D.C., on October 28, 2022.*

**JULIO A. CASTILLO**
Clerk of the Court

Issued By:

David Chu - Director, Membership
District of Columbia Bar Membership

*For questions or concerns, please contact the D.C. Bar Membership Office at 202-626-3475 or email memberservices@dcbar.org.*

RCVD COCHISE CNTY BOS
NOV 29 2022 PM 2:41

RCVD COCHISE CNTY BOS
NOV 28 2022 PM 2:41

FILED

2022 NOV 28 PM 4: 00

AMY J HURLEY
CLERK OF SUPERIOR COURT
BY_____
DEPUTY

1 | Roy Herrera (032907)
roy@ha-firm.com
2 | Daniel A. Arellano (032304)
daniel@ha-firm.com
3 | Jillian L. Andrews (034611)
jillian@ha-firm.com
4 | Jane W. Ahern (034865)
jane@ha-firm.com
5 | Austin T. Marshall (036582)
austin@ha-firm.com
6 | HERRERA ARELLANO LLP
7 | 1001 North Central Avenue, Suite 404
Phoenix, AZ 85004
8 | Telephone: (602) 567-4820

9 | Aria C. Branch* (DC Bar #1014541)
abranch@elias.law
10 | Lalitha D. Madduri* (DC Bar #1659412)
lmadduri@elias.law
11 | Christina Ford* (DC Bar #1655542)
cford@elias.law
12 | Mollie DiBrell* (DC Bar #90002189)
mdibrell@elias.law
13 | Daniel Cohen* (DC Bar #90001911)
dcohen@elias.law
14 | ELIAS LAW GROUP LLP
15 | 10 G St. NE, Suite 600
Washington, D.C. 20002
16 | Telephone: (202) 968-4490
Facsimile: (202) 968-4498
17 |

18 | *Attorneys for Plaintiffs*
*Arizona Alliance for Retired Americans, Inc.*
19 | *and Stephani Stephenson*

20 | * *Pro Hac Vice* motion forthcoming

21 |

22 | IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF COCHISE

23 |

24 | ARIZONA ALLIANCE FOR RETIRED
AMERICANS, INC. and STEPHANI
25 | STEPHENSON

26 | Plaintiffs,

27 | v.

28 | TOM CROSBY, ANN ENGLISH, and

No. **CV 2022 00552**

**CERTIFICATE OF
COMPULSORY ARBITRATION**

1   PEGGY JUDD, in their official capacities as
    the Cochise County Board of Supervisors,

2

3                       Defendants.

4

         The undersigned certifies that she knows the dollar limits and any other limitations

5   set forth by the local rules of practice for the Cochise County Superior Court, and further

6   certifies that this case is not subject to compulsory arbitration, as provided for by Rules 72

7   through 76 of the Arizona Rules of Civil Procedure.

8

9

10  Dated:  November 28, 2022

11                                  Roy Herrera (032907)
                                    roy@ha-firm.com
12                                  Daniel A. Arellano (032304)
                                    daniel@ha-firm.com
13                                  Jillian L. Andrews (034611)
                                    jillian@ha-firm.com
14                                  Jane W. Ahern (034865)
                                    jane@ha-firm.com
15                                  Austin T. Marshall (036582)
                                    austin@ha-firm.com
16                                  HERRERA ARELLANO LLP
17                                  1001 North Central Avenue, Suite 404
                                    Phoenix, AZ 85004
18                                  Telephone: (602) 567-4820

19                                  Aria C. Branch* (DC Bar #1014541)
20                                  abranch@elias.law
                                    Lalitha D. Madduri* (DC Bar #1659412)
21                                  lmadduri@elias.law
                                    Christina Ford* (DC Bar #1655542)
22                                  cford@elias.law
                                    Mollie DiBrell* (DC Bar #90002189)
23                                  mdibrell@elias.law
                                    Daniel Cohen* (DC Bar #90001911)
24                                  dcohen@elias.law
25                                  ELIAS LAW GROUP LLP
                                    10 G St. NE, Suite 600
26                                  Washington, D.C. 20002
                                    Telephone: (202) 968-4490
27                                  Facsimile: (202) 968-4498

28

                                        -2-

RCVD COCHISE CNTY BOS
NOV 29 2022 PM 2:41

FILED

2022 NOV 28  PM 4:00

MY J HURLEY
CLERK OF SUPERIOR COURT
BY
DEPUTY

1   Roy Herrera (032907)
2   roy@ha-firm.com
    Daniel A. Arellano (032304)
3   daniel@ha-firm.com
    Jillian L. Andrews (034611)
4   jillian@ha-firm.com
5   Jane W. Ahern (034865)
    jane@ha-firm.com
6   Austin T. Marshall (036582)
7   austin@ha-firm.com
    HERRERA ARELLANO LLP
8   1001 North Central Avenue, Suite 404
    Phoenix, AZ 85004
9   Telephone: (602) 567-4820

10
    Aria C. Branch* (DC Bar #1014541)
11  abranch@elias.law
    Lalitha D. Madduri* (DC Bar #1659412)
12  lmadduri@elias.law
13  Christina Ford* (DC Bar #1655542)
    cford@elias.law
14  Mollie DiBrell* (DC Bar #90002189)
15  mdibrell@elias.law
    Daniel Cohen* (DC Bar #90001911)
16  dcohen@elias.law
17  ELIAS LAW GROUP LLP
    10 G St. NE, Suite 600
18  Washington, D.C. 20002
    Telephone: (202) 968-4490
19  Facsimile: (202) 968-4498

20
    *Attorneys for Plaintiffs*
21  *Arizona Alliance for Retired Americans,*
    *Inc. and Stephani Stephenson*
22

23          IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA
                IN AND FOR THE COUNTY OF COCHISE
24

25  ARIZONA ALLIANCE OF RETIRED        No. **CV 202200552**
    AMERICANS, INC. and STEPHANI
26  STEPHENSON,
                                       **APPLICATION FOR ORDER TO**
27              Plaintiffs,            **SHOW CAUSE**

28                                     **(Expedited relief requested)**

1

2        v.

3    TOM CROSBY, ANN ENGLISH, and
     PEGGY JUDD, in their official capacities as
4    the Cochise County Board of Supervisors,

5                    Defendants.

6        Pursuant to Rule 4(c) of the Arizona Rules of Procedure for Special Actions,

7    Plaintiffs hereby apply for the issuance of an order to show cause why the relief sought in

8    Plaintiffs' Verified Special Action Complaint (the "Complaint") should not be granted.

9    Because Rule 4(c) requires that "the court shall set a speedy return date" where the show

10   cause procedure is used, Plaintiffs move for the Court to issue an order requiring Defendants

11   immediately to show cause why the relief sought in the Complaint should not be granted.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Dated: November 28, 2022

Respectfully submitted,

2

3

Roy Herrera (032907)

4   roy@ha-firm.com
Daniel A. Arellano (032304)

5   daniel@ha-firm.com
Jillian L. Andrews (034611)

6   jillian@ha-firm.com
Jane W. Ahern (034865)

7   jane@ha-firm.com
Austin Marshall (036582)

8   austin@ha-firm.com

9   HERRERA ARELLANO LLP
1001 North Central Avenue, Suite 404

10  Phoenix, AZ 85004
Telephone: (602) 567-4820

11

12  Aria C. Branch* (DC Bar #1014541)
abranch@elias.law

13  Lalitha D. Madduri* (DC Bar #1659412)
lmadduri@elias.law

14  Christina Ford* (DC Bar #1655542)
cford@elias.law

15  Mollie DiBrell* (DC Bar #90002189)
mdibrell@elias.law

16  Daniel Cohen* (DC Bar #90001911)
dcohen@elias.law

17  ELIAS LAW GROUP LLP
10 G St. NE, Suite 600

18  Washington, D.C. 20002
Telephone: (202) 968-4490

19  Facsimile: (202) 968-4498

20

21  * *Pro Hac Vice* Motion forthcoming

22

23  *Attorneys for Plaintiffs*
*Arizona Alliance for Retired Americans,*

24  *Inc. and Stephani Stephenson*

25

26

27

28

-3-

FILED

2022 NOV 29 PM 2: 25

CLERK OF SUPERIOR COURT
BY

ARIZONA SUPERIOR COURT, PIMA COUNTY
**FOR THE COUNTY OF COCHISE**

HON. CASEY F MCGINLEY

**COCHISE COUNTY**

CASE NO.    CV202200552

DATE:    November 29, 2022

ARIZONA ALLIANCE OF RETIRED AMERICANS,
INC. and STEPHANI STEPHENSON
    Plaintiffs

VS.

TOM CROSBY, ANN ENGLISH, and PEGGY JUDD,
in their official capacities as the Cochise County Board
of Supervisors,
    Defendants

---

## O R D E R

IN CHAMBERS

By Order of the Cochise County Superior Court, this Division has been assigned the instant matter.

Plaintiffs having filed a Verified Complaint for Special Action, and having requested a Show Cause Hearing,

**IT IS ORDERED** setting an **in person** hearing on **Thursday, December 1, 2022 at 1:00 p.m. in Cochise County Superior Court, Courtroom 4 for three (3) hours.**

**IT IS FURTHER ORDERED** that Plaintiffs shall serve Defendants with a copy of their Verified Complaint, associated pleadings, and this Order **no later than Tuesday, November 29, 2022 at 5:00 p.m.**

**IT IS FURTHER OREDERED** that Defendants shall file their answer or any other responsive pleading **no later than Wednesday, November 30, 2022, at 5:00 p.m.**

HON. CASEY F MCGINLEY

cc:    Cochise County Superior Court -Shawneen D. Serrano
       Court Community Relations
       Herrera Arelleno LLP, Esq. – 1001 N. Central Ave. #404, Phoenix, AZ  85004
       Board of Supevisors – 1415 Melody Lane, Building G, Bisbee, AZ  85603
       Brian McIntyre, Esq. – BMcIntyre@cochise.az.gov

                                            L. Kimes
                                         Judicial Administrative Assistant

Daniel J McCauley III
McCauley Law Offices, P.C.
6638 E Ashler Hills Dr
Cave Creek, AZ 85331-6638
Direct: (480) 595-1378
Fax: (866) 388-3788 | Email: dan@mlo-az.com

*Attorneys for Defendants*
*Tom Crosby, Ann English, and Peggy Judd,*
*In their official capacities as the Cochise County Board of Supervisors*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF COCHISE

| | |
|---|---|
| ARIZONA ALLIANCE OF RETIRED AMERICANS, INC. and STEPHANIE STEPHENSON,<br><br>Plaintiffs,<br><br>v.<br><br>TOM CROSBY, ANN ENGLISH, and PEGGY JUDD, in their official capacities as the Cochise County Board of Supervisors<br><br>Defendants. | Case No.: CV 202200552<br><br>**COCHISE COUNTY DEFENDANTS' MOTION TO QUASH SERVICE OF PLAINTIFF'S APPLICATION FOR ORDER TO SHOW CAUSE; MEMORANDUM; AND [PROPOSED] ORDER ISO**<br><br>Date: 12/01/2022<br>Time: 1:00 PM |

## MOTION

Pursuant to Rule 4 of Arizona Rules of Procedure for Special Actions ("Ariz. R. P. Spe. Act.")  and Rule 8(b) of Arizona Local Rules of Practice for Superior Court of Cochise County ("L. R. Prac. Sup. Ct."), Defendant TOM CROSBY, ANN ENGLISH, and PEGGY JUDD, in their official capacities as the Cochise County Board of Supervisors (collectively "Defendants") move to quash Plaintiff ARIZONA ALLIANCE OF RETIRED AMERICANS, INC. and STEPHANIE STEPHENSON (collectively "Plaintiffs") Application for Order to show cause on the grounds that service of process of said Order was not effected on Defendants.

## MEMORANDUM

### Statement of Facts

1

On November 28, 2022, Plaintiffs filed an Application for an Order to Show Cause based upon the Plaintiffs Verified Special Action Complaint. Defendants were made aware of Plaintiff's filings and called an emergency meeting to select an attorney. Defendants without having an opportunity to speak to voted attorney Brian Blym to represent them in the case sub judice. Defendants voted unanimously to hire Bryan Blehm. On November 30, defendants were made aware of the Order to show cause hearing date at the above date and time.

Daniel J McCauley III, appears specially for Defendants to challenge the service of said Order to show cause on the grounds that service of process of the Order on Defendants was not effected. At no time did Defendants waive service of process of the Order to Show cause.

### Legal Standard

The court in *Richards v. Superior Court of Yavapai*, 22 Ariz. App. 66 (Ariz. Ct. App. 1974) outlined that an order denying a motion to quash "[i]s not appealable, *Herzog v. Reinhardt, 2 Ariz. App.* 103, 406 P.2d 738 (1965), and the relief sought is based on a claim that the trial court exceeded its jurisdiction or abused its discretion, review by special action is appropriate."

Rule 4 of Arizona Rules of Procedure for Special Actions states:

The summons and complaint and Order to show cause, if any, shall be served as process is served under Rules 4, 4.1 or 4.2, as applicable, of the Rules of Civil Procedure, unless the court otherwise specifies the manner and time within which service shall be made.

Ariz. R. P. Spe. Act. 4

Rule 8 - Order to Show Cause Hearing and Procedure states:

(a) An order to show cause hearing on the law and motion calendar shall be limited to fifteen minutes, to be shared equally by the opposing parties. If a party anticipates the hearing will require more than the allotted time, he shall inform the court or clerk so that the matter may be scheduled for hearing at another time.

(b) Where service of process was not effected, the Order to show cause shall not be continued or rescheduled, but shall be quashed, unless all parties agree to proceed with the hearing or to continue it to a date and time certain.

2

1

2

L. R. Prac. Sup. Ct. 8

### Argument

3

4

5

6

7

In the case *sub judice*, Plaintiff failed to cause service of the Order to Show Cause on Defendants in accordance with Ariz. R. P. Spe. Act. 4 and L. R. Prac. Sup. Ct. 8. At no time did Defendants wave their right to service. THEREFORE pursuant L. R. Prac. Sup. Ct. 8 (b) where service of process was not effected, the Order to show cause <u>shall not</u> be continued or rescheduled, but <u>shall be quashed</u>.

8

9

10

11

### Conclusion

Based on the authority Ariz. R. P. Spe. Act. 4 and L. R. Prac. Sup. Ct. 8 and the foregoing facts showing service of process of the Order to show cause not effected on Defendants, the court should grant Defendant's motion to quash service of said Order.

12

13

14

15

Dated: December 1, 2022

_____
Daniel J McCauley III,
Attorney for Defendants

16

17

18

19

20

21

22

23

24

25

26

27

28

3

1  Daniel J McCauley III
   McCauley Law Offices, P.C.
2  6638 E Ashler Hills Dr
   Cave Creek, AZ 85331-6638
3  Direct: 480-595-1378
4  Fax: (866) 388-3788 | Email: dan@mlo-az.com

5  *Attorneys for Defendants*
   *Tom Crosby, Ann English, and Peggy Judd,*
6  *In their official capacities as the Cochise County Board of Supervisors*

7
                    IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
8                       IN AND FOR THE COUNTY OF COCHISE

9

10 ARIZONA ALLIANCE OF RETIRED          Case No.: CV202200552
   AMERICANS, INC. and STEPHANIE
11 STEPHENSON,                          **[PROPOSED] ORDER**

12                    Plaintiffs,

13        v.

14 TOM CROSBY, ANN ENGLISH, and
   PEGGY JUDD, in their official capacities
15 as the Cochise County Board of
   Supervisors
16
                     Defendants.

17        The written motion of the Defendant for Defendants Tom Crosby, Ann English, and

18 Peggy Judd, In their official capacities as the Cochise County Board of Supervisors to quash

19 service of Plaintiff Arizona Alliance of Retired Americans, Inc. and Stephanie Stephenson Order

20 to show cause, in the above-entitled matter, have been duly presented and filed, it is established,

21 as provided in L. R. Prac. Sup. Ct. 8 **(b)** Where service of process was not effected, the Order to

22 show cause shall not be continued or rescheduled, but shall be quashed.

23        **THEREFORE IT IS HEREBY ORDERED** that Defendant's motion to quash service of

24 the Order to show cause is granted.

25        **IT IS SO ORDERED.**

26

27 Dated: _____

28        Judge of the Superior Court

                                    4

1

2

**PROOF OF SERVICE**

3      I, Daniel J McCauley III, am over the age of 18 and not a party to this action.

4   I am a resident of or employed in the county where the electronic service occurred; my

5   business/residence address is:  6638 E Ashler Hills Dr Cave Creek, AZ 85331-6638

6      On the date below, I filed a true and correct copy of the original of the attached

7   documents with the Clerk of the Superior Court in Cochise County. I served the foregoing

8   document(s) to the fax number below described as:

9

10  **COCHISE COUNTY DEFENDANTS' MOTION TO QUASH SERVICE OF
    PLAINTIFF'S APPLICATION FOR ORDER TO SHOW CAUSE; MEMORANDUM;
    DECLARATION & [PROPOSED] ORDER ISO**

11

12      The following party was served:
        Herrera Arellano LLP and Ellias Law Group LLP

13      Attorneys for Plaintiffs
        Fax: (202) 968-4498

14

15      I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is

16  true and correct.

17

Dated: December 1, 2022

18                                    _____

19                                    Daniel J McCauley III,
                                      Attorney for Defendants

20

21

22

23

24

25

26

27

28

5

1
2
3
4

Daniel J McCauley III
McCauley Law Offices, P.C.
6638 E Ashler Hills Dr
Cave Creek, AZ 85331-6638
Direct: (480) 595-1378
Fax: (866) 388-3788 | Email: dan@mlo-az.com

5
6

*Attorneys for Defendants*
*Tom Crosby, Ann English, and Peggy Judd,*
*In their official capacities as the Cochise County Board of Supervisors*

7
8
9

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF COCHISE

10

| | |
|---|---|
| ARIZONA ALLIANCE OF RETIRED AMERICANS, INC. and STEPHANIE STEPHENSON, | Case No.: CV 202200552 |
| | *Hon. Casey McGinley Division IV Courtroom* |
| Plaintiffs, | **MOTION FOR NOTICE OF CHANGE OF JUDGE** |
| v. | |
| TOM CROSBY, ANN ENGLISH, PEGGY JUDD, in their official capacities as members of the Cochise County Board of Supervisors, and COCHISE COUNTY, a political Subdivision of Arizona | Date: 12/01/2022 Time: 1:00 PM Phone: 520-432-8500 |
| Defendants. | |

11
12
13
14
15
16
17
18
19

## **MOTION**

20

Pursuant to Ariz. R. Civ. P. 42.1 defendants Tom Crosby, Ann English, and Peggy Judd,

21

In their official capacities as the Cochise County Board of Supervisors (collectively

22

"Defendants") hereby exercises the right to change of Judge in this matter. The name of the Judge

23

to whom this matter is the Honorable Casey McGinley. This notice is timely under Rule 42.1(c).

24

No waiver has occurred under Rule 42.1(d). Defendant has not been granted a change of a judge

25

as a matter of right previously in the action.

26

Dated: December 1, 2022

27
28

_____
Daniel J McCauley III,
Attorney for Defendants

1

1

2

3

4

Daniel J McCauley III
McCauley Law Offices, P.C.
6638 E Ashler Hills Dr
Cave Creek, AZ 85331-6638
Direct: (480) 595-1378
Fax: (866) 388-3788 | Email: dan@mlo-az.com

5

6

7

*Attorneys for Defendants*
*Tom Crosby, Ann English, and Peggy Judd,*
*In their official capacities as the Cochise County Board of Supervisors*

8

9

10

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF COCHISE

| | |
|---|---|
| 11<br><br>12<br><br>13<br><br>14<br><br>15<br><br>16<br><br>17<br><br>18 | ARIZONA ALLIANCE OF RETIRED AMERICANS, INC. and STEPHANIE STEPHENSON,<br><br>          Plaintiffs,<br><br>    v.<br><br>TOM CROSBY, ANN ENGLISH, PEGGY JUDD, in their official capacities as members of the Cochise County Board of Supervisors, and COCHISE COUNTY, a political Subdivision of Arizona<br><br>          Defendants. | Case No.: CV 202200552<br>*Hon. Casey McGinley Division IV Courtroom*<br><br>**AFFIDAVIT IN SUPPORT OF MOTION FOR NOTICE OF CHANGE OF JUDGE**<br><br>Date: 12/01/2022<br>Time: 1:00 PM<br>Phone: 520-432-8500 |

19

20

21

      I, Daniel J McCauley III, declare that I have personal knowledge of the facts contained in this affidavit, and if called as a witness, I could and would testify competently to the facts as stated herein.

22

23

      The Honorable Casey McGinly, the judge presiding over the case *sub judice.* I believe that Defendants can not have a fair and impartial trial or a hearing before this Judge.

24

25

      I declare under penalty of perjury under th laws of the State of Arizona that the foregoing is true and correct.

26

Dated: December 1, 2022

27

_____
Daniel J McCauley III,

28

Attorney for Defendants

2

1

2   Daniel J McCauley III
    McCauley Law Offices, P.C.
3   6638 E Ashler Hills Dr
    Cave Creek, AZ 85331-6638
4   Direct: (480) 595-1378
    Fax: (866) 388-3788 | Email: dan@mlo-az.com

5   *Attorneys for Defendants*
    *Tom Crosby, Ann English, and Peggy Judd,*
6   *In their official capacities as the Cochise County Board of Supervisors*

7

8

9                IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
                       IN AND FOR THE COUNTY OF COCHISE
10

11  ARIZONA ALLIANCE OF RETIRED       | Case No.: CV 202200552
    AMERICANS, INC. and STEPHANIE     | *Hon. Casey McGinley Division IV Courtroom*
12  STEPHENSON,                       |
                                      | **ORDER AND NOTICE OF CHANGE OF**
13           Plaintiffs,              | **JUDGE**
                                      |
14       v.                           |
                                      |
15  TOM CROSBY, ANN ENGLISH,          |
    PEGGY JUDD, in their official capacities |
16  as members of the Cochise County Board |
    of Supervisors, and COCHISE COUNTY, |
17  a political Subdivision of Arizona |
                                      |
18           Defendants.              |

19          The written motion of the Defendants Tom Crosby, Ann English, and Peggy Judd, In their

20  official capacities as the Cochise County Board of Supervisors for the Notice of Change of Judge

21  of the Honorable Casey McGinley of the above-captioned Court, and the supporting affidavit

22  under penalty of perjury of Daniel J McCaulley III, have been duly presented and filed. It is

23  established, as provided in Ariz. R. Civ. P. 42.1 that the Honorable Casey McGinley, is

24  prejudiced against the Defendants or the interest of that party in the above-entitled matter.

25          THEREFORE, IT IS HEREBY ORDERED that the Honorable Casey McGinley is

26  relieved from HIS assignment as a judge in the above-entitled matter, and from any and all other

27  assignments in this cause, and that the hearing shall proceed before the Honorable

28  _____, in Department _____ of this court, at the time now set for

                                         3

the hearing.

**IT IS SO ORDERED.**

Dated: _____

Judge of the Superior Court

1

2

**PROOF OF SERVICE**

3      I, Daniel J McCauley III, am over the age of 18 and not a party to this action.

4   I am a resident of or employed in the county where the electronic service occurred; my

5   business/residence address is:  6638 E Ashler Hills Dr Cave Creek, AZ 85331-6638

6      On the date below, I filed a true and correct copy of the original of the attached

7   documents with the Clerk of the Superior Court in Cochise County. I served the foregoing

8   document(s) to the fax number below described as:

9   **MOTION FOR NOTICE OF JUDGE CHANGE, AFFIDAVIT IN SUPPORT OF MOTION**

10   **AND [PROPOSED] ORDER ISO**

11      The following party was served:

12   Herrera Arellano LLP and Ellias Law Group LLP
     Attorneys for Plaintiffs

13   Fax: (202) 968-4498

14

15      I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is
     true and correct.

16

17   Dated: December 1, 2022

18   _____
     Daniel J McCauley III,

19   Attorney for Defendants

20

21

22

23

24

25

26

27

28

5